The opinion of the Court was delivered by
Tilghman C. J.
The question is,'whether it was an accommodation note within the meaning of -the clause of the assignment’ before mentioned. It is contended by the defendant, that it was not, because nothing but promissory notes wére intended to be provided, for. • If the provision had been for promissory notes, in express terms, the plaintiff would have had nothing to say, because he is not the holder of a promissory note. But the assignment- does not mention promissory notes expressly. We must endeavour to ascertain therefore, what kind of paper was intended to be preferred, and whether the words of the assignment are sufficient to carry the intention into effect. The intent seems to have been, to indemnify those.persons who had subscribed or indorsed negotiable paper, for the accommodation of the assignors. Since the expiration of the Bankrupt Law, this kind of preference has been very common, and has been deemed fair. That intent would embrace the paper held by the plaintiff, which was subscribed and indorsed-by Bauduy-, for the accommodation of the .assignors. But it is objected by the defendant, that it was not within the words of the assignment, because it is not a note, but a bill. „ Without doubt it is a bill, but it does not follow, that it may not be also anoté. I .confess, I think it may be more accurately called a bill, than a note; but yet the authorities produced on the argument, shew that note has been considered as a general term, comprehending both bills and promissory .notes.- -What were formerly called, goldsmith’s notes, were in form a bill, by which a person ordered his banker, to pay a sum of money to another, or sometimes the bearer, (see 1 Ld. Raym. 743. Tassel v. Lewis.) In the-case of Pearson v. Garrett, Skinn. 398, bill and note, ave used as synonymous terms. These, to be sure, are old cases, decided when commercial law had not made great progress, in England. But, to come to later' times. In Grant v. Vaughan, Lord Mansfield repeatedly *466 speaks of an instrument' which was a bill, as a note. It wa3 jn these words. “ Pay to Ship Fortune or bearer.’7 3 Burr. 1516. And in Bull. N. P. 7 Ed. 269, is the following passage. “ Merchants notes are in nature of letters of credit passing between one correspondent and another, in this form. Pray pay to I. S. or order, such a sum ; witness my hand, &c.” This is great authority, to which I will add, that in strictness, 'when a promissory note is to be described, it is called a promissory note,- and not simply, a note. This appears from the form of declaration on a promissory note, in which it is set forth, that the defendant made his certain note in writing called a promissory note. Considering then, that these assignors did not make use of the expression promissory note, it would be hard that the drawer of the paper in question should remain exposed to loss. He lent his name', for the accommodation of the assignors ; his case falls within the spirit of the intended indemnification, and is therefore entitled to all the favour which can be lawfully shewn to it. I am of opinion, that the instrument-held by the plaintiff is an accommodation note, within the meaning of the assignment, and therefore he is entitled to judgment upon the case’stated.
Judgment for the plaintiff.
After the foregoing opinion was delivered, the following additional case was stated for the opinion of the Court.
The opinion of the Court is further requested upon.this question, with reference to: the former case stated ; whether the plaintiff and those who like him, hold Mr. Bauduy’s bills or notes, drawn or endorsed for the accommodation of J. G. & .V. M. Garesché, the assignors, are, under the terms of the assignment, entitled to be paid out of the assigned es»‘ tate, without regard to the state of the balance of accounts, and outstanding paper, existing between the said Bauduy, and the said J. P. V. M. Garesché, at the time of the assignment, and so continuing to this day, or whether those balances or either of them are to be taken into consideration by the assignee in distributing the assets among this class of creditors. ,
*467 After, argument, the opinion of the Court was delivered by
Tilghman C. J.
It was intended by the - assignment 0f Messrs. Garesché, that the subscribers or indorsers of paper for their accommodation should be indemnified ; but there was no intention to give a preference to the holders of such accommodation paper, although it might happen that such holders would obtain a preference, because the subscribers or indorsers could not be indemnified otherwise than by paying the whole debt. But, if the subscribers or indoréers, were indebted to Messrs. Garesché, on other accounts, they would be indemnified, by deducting the balance of those accounts, from the amount of the accommodation paper, and paying the remainder to the holders of the paper. It would be unjust, that this fund assigned by Messrs. Garesché, for the benefit of their creditors, in general, should more than indemnify their friends, who had lent their names for their accommodation; which would be the case, if the .whole amount of the accommodation paper were paid,.without regard to the balance of 'other accounts. It is the opinion of the Court therefore,- that such balances should be taken into the calculation. As to accommodation paper which may have been issued by Messrs. Garesché, in exchange for other paper of like kindj on which their friends had become’responsible for them, the Court can give no opinion until they are informed of all circumstance attending it.
Gibson J.—Was absent at the argument and gave no opinion. .i