## HOGAN'S Ex'R. *vs.* CALVERT, Adm'R.

1. No exceptions can be taken to a claim properly filed against an insolvent estate, going to the affidavit or to the claim itself, unless they are filed within the time prescribed by the act of 1843; but objections extending to the time of filing may be made at any time.
2. A claim against an insolvent estate is not required to be in any particular form; it is sufficient if it shows the liability of the estate to the party asserting it.
3. A party having merely an equitable title to a demand against an insolvent estate may file it as a claim against the estate.
4. Where one partner covenants, in consideration of a sum of money paid him by his co-partner, to pay the debts of the firm without unnecessary delay, and without recourse on his co-partner, a failure on his part to perform the act which he had covenanted to do gives a right of action to his co-partner; and the latter may in such case file his claim against the estate of the deceased partner, before he has paid any part of the partnership debts.
5. Where a bond is conditioned for the payment of money at a certain day, the whole debt accrues from the day mentioned in the condition, and does not wait the damnification, although it may appear that the bond was given by way of indemnity merely; and the same rule applies to covenants.

ERROR to the Court of Probate of Mobile.

On the 21st February, 1846, the estate of Charles Ham-

Hogan's Ex'r. v. Calvert, Adm'r.

mond was declared insolvent, and on the 20th August, 1846, a claim against said estate was filed by Benjamin R. Hogan, the testator of the plaintiff in error, for $4,186$\frac{15}{100}$, predicated, according to the record, on five bills of exchange, drawn by Hammond on Saxon & Smith, in favor of Hogan & Hammond, and by them endorsed to Hogan in settlement of the business of the firm, and remaining unpaid, and another item which is thus stated: "Also the sum of $2,008, being the amount found by arbitration on the 14th August, 1846, to be due by the late firm of Hogan & Hammond to Whitaker & Bartol, and which by agreement of dissolution you (Hammond) assumed." With the account thus stated against the estate, was also filed a deed of covenant, purporting to have been executed by said Hogan and Hammond on the 8th August, 1839, reciting the existence of the co-partnership of Hogan & Hammond, its dissolution on 1st July, 1839, with a covenant on the part of said Hammond, for the consideration of $5,000 paid him by Hogan, to pay and settle, without unnecessary delay, and without recourse on the said Hogan, all the liabilities of said co-partnership, and said Hogan relinquished all his interest in the co-partnership effects to said Hammond.

On the 9th September, 1851, the administrator filed his objections to said claims: 1. Because on its face there was no liability; 2. Because it was not verified, as by law required; 3. Because it was not filed in time. On the hearing of the claim, which was on the 12th September, 1851, the claimant presented his claim, introduced the covenant, and claimed judgment, because no objections had been filed to his claim within nine months after the decree of insolvency. But the objections filed by the administrator on September 9, 1851, being then renewed, the claimant's motion was refused, and upon the hearing the claim was rejected.

The overruling of the motion and rejecting the claim are now assigned for error.

P. HAMILTON, for plaintiff in error:

The court erred in not granting the motion for allowance of the claim of Hogan, upon the statement and affidavit filed. No objections were made to the claim within the nine months

allowed by law, on the part of the administrator. The law is imperative. See stat. 1843, Clay's Dig. 194, § 10.

By their contract upon dissolution of the firm of Hogan & Hammond, which was filed with the claim of Hogan against Hammond's estate, Hammond bound himself to pay the debts of the firm. The claim of S. Jones was against Hogan & Hammond. Hogan was sued upon it, and judgment rendered; the amount was ascertained only seven days before the six months expired after decree of insolvency. The claim was filed within six months after decree, though Hogan did not actually pay the money till afterwards. Hogan became thereby in effect a security for Hammond. 14 Ala. 92, pp. 102, 103, decides the principle that should govern this.

The facts stated in the bill of exceptions show that Hogan had a claim against Hammond when his demand was filed. In equity he could call on Hammond's estate to pay the debt. Theob. P. & S., 1 Law Lib. 135, ch. ix.

The claim having been filed in time to save the limitation of six months, this court has frequently decided the affidavit may be made at the hearing. The affidavit and proof at the hearing, were full to the merits of the claim, and, without objections filed within the statutory period of nine months, satisfactorily proved the justice and equity of the demand.

No good reason exists for requiring a new claim to be filed. The claim as filed answered every purpose of giving notice of its nature and extent, and the proof at the hearing did not in the slightest manner vary its character.

The object of our statute as to insolvent estates, as to distribution among creditors, is the same as the English bankrupt law. Under the latter, this claim would be allowed. Theob. P. & S. 239; 1 Law Lib. 142; and see Emanuel v. Bird, Adm'r., last term. The estate has received the benefit of the debt paid by Hogan.

P. PHILLIPS, *contra:*

It appears that, pending the suit between Jones and Hogan, the matters were submitted to arbitrators, who made their award on the 14th August, 1846, and this was subsequently made the judgment of the court. But the judgment of the court, and the payment, were subsequent to the time fixed

for presenting the claim, and subsequent to the time the claim was filed. There was no demand under any circumstances existing against the estate in favor of Hogan, until he paid the money.

By the terms of the dissolution, for a consideration then paid, Hammond undertook to pay the debts of the concern. As Hogan was originally bound as a partner, his right to claim this entire demand, arises solely upon the agreement set up, and the payment made by him.

It would seem clear, therefore, that he had no right against the estate by virtue of the claim filed on the 20th August, 1850. There is no proof that any such debt ever existed against Hammond. For aught that appears, the acceptances sued on may have been given by Hogan for his own purposes. The simple recitals that Hogan was sued as surviving partner, are not sufficient. Marr v. Southwick, 2 P. 351.

When the claim is objected to, the party is put to the proof of his claim, and his first step was to establish the debt as one due by the partnership. Brasher & Gooche v. Lyle, 13 Ala. 524.

Nor does the affidavit show or in any manner establish an indebtedness against said estate. Hammond having died before the partnership was settled, Hogan, as survivor, was bound to see to the disposition of the partnership effects. Can Hogan present a claim against Hammond's estate until he had a full settlement of the partnership affairs? 1 Ala. 524.

GOLDTHWAITE, J.—In the case of Bartol v. Calvert, Adm'r., at the present term, we decided that, under the statute of 1843, (Clay's Digest, 194, §§ 10, 11,) no exceptions could be taken against a claim properly filed against an insolvent estate, going to the affidavit, or to the claim itself, unless such exceptions were filed within the time required by the provisions of that act; and that objections extending to the time of filing might be made at any time. This decision renders it unnecessary to consider the question presented as to the verification of the claim, the record showing affirmatively that it was not made until some years after the decree of insolvency, and also that it was objected to by the claimant. Although the action of that court may have been erroneous,

in allowing an exception to be taken to the affidavit; yet, if the claim upon its face shows no liability, or showing a liability was not filed in time, it was rightly rejected, and the judgment of the court being correct, the plaintiff in error cannot complain of that which was not prejudicial to him.

The estate was reported insolvent on the 21st February, 1846, and the claim was filed on the 20th August of the same year, which was in time. In relation to the exception, that no liability appeared upon the face of the claim, we may remark, that the principal object of the Legislature, in the enactment of the law of 1843, regulating proceedings on insolvent estates, was, to provide a cheap and expeditious mode for the settlement of estates in that condition. The creditor was required to file his claim within six months after the decree of insolvency, and the administrator, or any creditor in his name, might contest any claim within three months after the expiration of the latest day allowed for filing. The estate was not to be embarrassed, or the proceedings delayed, by proof of the claims, except in such cases as the real parties in interest might denote, by directing their exceptions to them; and failing thus to proceed was held as an implied admission of their correctness, and judgment was rendered accordingly. As, however, the action of the court, in rendering its judgment, could only be prejudicial on the claim as it was asserted against the estate, although no particular form is required, it has been held, that enough must appear to show the liability of the estate to the party asserting the claim. Cook v. Davis, 12 Ala.

There is no decision expressly to the point, that a party having merely an equitable demand will be allowed to proceed under the act referred to; but we see great inconvenience in compelling a resort in such cases to a court of chancery, and think the right clearly deducible from the objects of the statute.

There is but little difficulty in the application of these principles to the facts disclosed by the record before us. The first item of the claim is made up of sundry bills of exchange, on which the liability of the intestate Hammond appears, and the right of the testator Hogan accrues from the endorsement, as stated in the account. In relation to the item of

$2,008, we consider the statement of the account in effect to be, that this sum was due from the firm of Hogan & Hammond to Whitaker & Bartol, which Hammond, by his agreement filed with the account, had assumed; and the question in this aspect is simply, whether the item referred to, taken in connection with the agreement filed, shows a demand due to Hogan for which the estate is responsible. The argument that Hogan had no claim upon the estate, until he had actually paid the amount due, cannot be sustained. The covenant of Hammond was not one of indemnity; it was affirmative. He was to pay the debts of the co-partnership, without unnecessary delay, and a failure on his part to perform the act which he had covenanted to do, would have given a right of action to Hogan. *Ex parte* Negus, 7 Wend. 499; Port v. Jackson, 17 Johns. 239; ib. 479; Chace v. Hinman, 8 Wend. 452; Ramsey v. Gervais, 2 Bay, 145; Bauer v. Roth, 4 Rawle 99; 1 Saunders 177, note. The cases cited are conclusive as to the right of action; and as to the damages the rule is, that where a bond is conditioned for the payment of money at a certain day, though it appear that it was given by way of indemnity merely, the whole debt accrues from the day mentioned in the condition, and does not wait the damnification. Toussaint v. Martinnant, 2 Term, R. 100; Martin v. Count, ib. 640; Hodgson v. Bell, 9 Term, R. 97; Holmes v. Rhodes, 1 B. & P. 638; and the same rule was applied to covenants. Port. v. Jackson, 17 Johns. 239; *Ex parte* Negus, 7 Wend. 499. The circumstance that it was a co-partnership debt does not in any manner affect the rule. If Hogan was by suit upon the covenant to recover the amount of the co-partnership debts from Hammond, who was afterwards compelled to pay them by the creditors, he could resort to Hogan for his proportion, and the covenant could not, after he had sued and obtained satisfaction upon it, be invoked for his protection.

It follows from these views, that the item referred to correctly showed the liability of the estate, and that the court below, under the circumstances, erred in its rejection.

The judgment is reversed, and the cause remanded.