PEACEY'S CREDITORS *vs.* PEACEY'S ADM'R.

27 683<br>99 116

[IN MATTER OF AN INSOLVENT ESTATE—CLAIM PREFERRED BY SURVIVING PARTNER.]

1. *Covenant by continuing partner to pay outstanding partnership debts.*—On the dissolution of a partnership, if the remaining partner, who takes all the goods and partnership effects, covenants to become solely responsible for the outstanding partnership debts, the covenant is not one of indemnity merely, but binds him to discharge the retiring partner within a reasonable time from all liability for the debts; and if he dies without complying with his engagement, and his estate is declared insolvent, the retiring partner has a claim against the estate to the amount of the outstanding debts.

APPEAL from the Court of Probate of Dallas.

IN THE MATTER of the estate of George Peacey, deceased, which was declared insolvent in June, 1853, and against which the appellee (Brian Ward), who was the administrator of the estate, filed as a claim, duly verified by affidavit, a written instrument in these words:—

" This indenture is to certify, that the copartnership heretofore existing between George Peacey and Brian Ward, under the firm of Peacey & Ward, in the mercantile business, in Selma, Alabama, was, by mutual consent, dissolved on the 2d day of July, 1852. Brian Ward withdraws from the firm; George Peacey remains, and conducts business on his own account. George Peacey, on his part, becomes solely responsible for all the debts contracted for, and remaining unpaid against, the said firm of Peacey & Ward, amounting to $12,699 12, and hereby guaranties to B. Ward the payment of the same, releasing him from all obligations in the payment, on the condition annexed—viz., George Peacey has merchandize to the amount of $6,184 90, and debts due the firm to the amount of $1,097 91, and Brian Ward's note of hand for $3,050 74, for merchandize he takes to Cahaba, and note of hand for $855 62, for his half of losses sustained in business during the copartnership. Any error, or omission, which may have occurred, and hereafter discovered, is to be shared mutually. Given under our hands and seals, this 8th July, 1852."

(Signed and sealed by both parties, and attested by two witnesses.)

In the affidavit accompanying this claim, Ward swore that the sum of $12,699 12, mentioned in the deed, was justly due and unpaid. The other creditors of the estate filed written objections to this claim, on the ground that it was not a just debt against said estate; and a trial was had before the court respecting its allowance. Ward introduced as a witness F. M. Blackwell, who was one of the subscribing witnesses to the deed, and who testified, " that Peacey and Ward dissolved partnership at the time, and upon the terms, stated in said agreement; that Peacey continued to do business in Selma, upon his own account, from the date of said dissolution up to the time of his death; that Ward removed to Cahaba, and there opened a store on his own account, with the goods mentioned in said agreement as taken by him to Cahaba; that Peacey and Ward afterwards proceeded to replenish their respective stocks of goods by subsequent purchases, each on his own individual account; that he (witness) afterwards purchased from said Ward the said stock of goods in his hands in Cahaba, for $5,000, and paid him said sum, in full,

by taking up said Ward's individual notes in favor of sundry merchants in Mobile and New Orleans, which notes the witness produced and showed to the court, and all of which were Ward's individual notes. The witness stated, that he did not know what was the consideration for said notes,—that they might have been given, in part, for the paper of Peacey & Ward, and in part for merchandize; but of this he did not know." Ward then proposed to introduce as evidence certain notes, executed by Peacey & Ward, amounting to $5,919 95, which were on file in said court as claims against the estate of said Peacey, and which were unpaid. The creditors objected to the introduction of these notes as evidence, but the court overruled their objection, and they excepted. On this evidence, the court allowed Ward's claim against the estate, to the amount of $5,919 95; to which the other creditors excepted, and which they now assign for error.

N. H. R. DAWSON and WM. M. BYRD, for the appellant:

1. Where the remaining partner, on the dissolution of a firm, covenants to pay the partnership debts, and to indemnify the retiring partner against them, and afterwards dies without performing his covenant, whereby the retiring partner is compelled to pay a portion of said debts, the latter is a specialty creditor of the estate.—Collyer on Partnership, § 331; Musson v. May, 3 Vesey & B. 194; Kerr v. Hawthorn, 4 Yeates, 170.

2. The party's remedy is in equity, by bill for specific performance.—Deveau v. Fowler, 2 Paige, 400; McGown v. Sprague, 23 Ala. 524; Collyer on Parnership, § 243.

3. Where one partner sells his entire interest in the partnership effects to his copartner, who promises to pay all the debts, the latter becomes the absolute owner, discharged from the lien of the retiring partner.—Ex parte Ruffin, 6 Vesey, 120; Ex parte Peele, ib. 602; Ex parte Fell, 10 ib. 347; Story on Partnership, § 358.

4. As the estate was insolvent, Ward's claim could not be allowed until the partnership debts were fully paid.—Smith & Co. v. Mallory's Executor, 25 Ala. 632; 13 B. Mon. 555.

5. If the decree be correct, the amount of debts allowed against the estate is double their actual amount; the cred-

itors' debts being about $6,000, and Ward's claim for the same debts $6,000 more.

W. M. MURPHY, *contra.*

GOLDTHWAITE, J.—We concede that, if the instrument on which the appellee's claim was based had been one of indemnity merely, he could have recovered nothing, unless he had proved actual loss or damage; but, on looking to the obligation, it shows that Peacey and Ward had been partners,—that the firm was dissolved, the former kept the goods, and the debts due the firm, and Ward gave him his note for one-half the losses; and for these considerations Peacey was to become "solely responsible for all the debts contracted for, and remaining unpaid against, said firm." This was, in effect, a stipulation to discharge Ward from all responsibility for the partnership debts; and Peacey, under this obligation, was bound to do this, certainly within a reasonable time. Failing to comply with his engagement, he would have been liable, if he had lived, to an action at the suit of Ward, in which the measure of damages would have been the amount of the responsibility of Ward upon the partnership debts from which Peacey had failed to discharge him.—Lathrop v. Atwood, 21 Conn. 117; Gilbert v. Wiman, 1 Coms. 550; Hogan v. Calvert, 21 Ala. 194. As Peacey would have been liable to Ward, for this sum, at law, if living, his estate would be chargeable with it after his death; and all the evidence that was required to support the claim against the estate, was the obligation, and proof of the fact that Peacey had not discharged Ward from liability for the partnership debts. This last fact, as appears from the record, was established by testimony showing the existence of those debts; and the claim was, therefore, properly allowed for the amount of them.

Whether the specific debts, the failure to discharge which constituted the foundation of Ward's claims, could be allowed by the Probate Court against the estate of Peacey, in favor of the holders, is a question which the record does not present, and which it is unnecessary to discuss.

Judgment affirmed.