# Espy *v.* Comer *et al.*

*Creditor's Bill to Have Mortgage Declared a General As-signment.*

1. *Right of surviving member of insolvent partnership to make an as-signment.*—The surviving member of an insolvent partnership may make an assignment for the equal benefit of all the creditors; but his power to mortgage the partnership effects, thereby giving the mortgagee a preference over other creditors, is a question which is worthy of consid-eration, and which is not decided.

2. *When a partnership creditor becomes the creditor of the surviving partner.*—When a partnership creditor surrenders the partnership note, and accepts the individual note of the surviving partner, granting an ex-tension of the day of payment, and taking a mortgage as security, he ceases to be a partnership creditor, and becomes the individual creditor of the surviving partner.

3. *The creditors of a partnership can not claim under and against a mortgage.*—If the mortgage recites the substitution of the new note, and the surviving partner's individual ownership of the property conveyed,

· [Espy v. Comer et al.]

the other partnership creditors can not have it declared and foreclosed as a general assignment enuring to their equal benefit, by alleging that the partnership in fact owned an undivided interest in the property, which constituted all of its assets. They can not claim under and against the conveyance.

4. *Bill in equity ; remedy of partnership creditors.*—If the partnership in fact owned an interest in the property conveyed by the mortgage, the remedy of the partnership creditors is a bill in equity founded on the dissolution and insolvency of the partnership, the insolvency and misapplication of the funds by the surviving partner, seeking to set aside the uses of the mortgage, and to have the assets marshalled and appropriated according to equitable principles.

APPEAL from the Chancery Court of Barbour.

Heard before Hon. JOHN A. FOSTER.

The bill in this case was filed in February, 1885, by John S. Espy in his own behalf, and for such other creditors of Clark, Hart & Co. as should join in said suit, against Hugh M. Comer, as surviving partner of Bates & Comer, Henry C. Hart and others ; and prayed that a mortgage executed by said Hart to said Comer be declared a general assignment for the benefit of all the creditors of the partnership of Clark, Hart & Co., of which said Hart was a member.

The bill avers that on the 22d day of February, 1881, Henry C. Hart, as surviving partner of said firm of Clark, Hart & Co., executed and delivered to Hugh M. Comer, as surviving partner of Bates & Comer, his three promissory notes for the aggregate sum of $19,227.08, and to secure said notes executed a mortgage on the Chattahoochee warehouse, with other real estate. It is charged that said warehouse was the partnership property of said Clark, Hart & Co., and that said debt was an antecedent debt, and not contracted at the time of the execution of the mortgage ; that said mortgage created a preference in favor of said H. M. Comer, was substantially all the property of said partnership of Clark, Hart & Co., and that said mortgage was a general assignment enuring to the benefit of orator and the other creditors of said partnership.

Complainant was a creditor of Clark, Hart & Co., holding their certificate of deposit for $14,320.38, made May 21, 1878, which had not been paid. It was averred that the estates of each member of said firm were insolvent.

The bill further alleges that under power of sale contained in the mortgage made by Hart to H. M. Comer, the said Comer advertised and sold said warehouse property on the 16th of November, 1883, and at said sale himself became the purchaser ; and prays that said sale be declared void. The bill also asks for the appointment of a receiver.

Defendants demurred to this bill on the grounds : 1. That the said H. C. Hart had no right in law or equity, as one of the

· [Espy v. Comer et al.]

surviving partners of Clark, Hart, & Co., to execute the mort-
gage sought to be declared a general assignment, the other
surviving partner not joining therein.  2. That one of two
surviving partners of a firm, can not, by executing a mortgage
in his own name on partnership real estate, make a general
assignment.  3. That before the commencement of this suit,
the mortgage had been foreclosed, and has no existence, and
is no lien or that complainant seeks to have declared a general
assignment, security on or against said property.

The chancellor sustained No. 3 of these demurrers, and gave
complainant thirty days in which to amend his bill.  Com-
plainant declined to amend, and his bill was dismissed for want
of equity.  From the action of the court in sustaining the de-
murrer, and for dismissing his bill, complainant appeals.

PUGH & MERRILL, for appellant.

G. L. COMER, for appellees.

CLOPTON, J.—On the dissolution of a partnership by the
death of a member, the legal title, possession, control, and dis-
position of the personal assets devolve on the survivor, for the
purpose of paying the debts, settling its affairs, and distributing
the surplus.  He is regarded as occupying the relation of
trustee for all interested—for the creditors, for himself, and for
the representatives of the deceased—and possesses such powers
as will enable him to execute the trust.  If realty constitutes a
part of the partnership property, the legal title to the deceased
partner's interest descends at law to his heirs ; but in equity it
is treated, in many respects, as personal estate, and as subject
to the disposition of the survivor, so far as may be necessary to
the payment of the debts, and the adjustment of the partner-
ship accounts.—*Espy v. Comer*, 76 Ala. 501.  In *Andrews v.
Brown*, 21 Ala. 437, it is substantially held, that though the
surviving partner can not by his legal deed pass the legal title,
yet as he is charged with the duty of paying the debts, he may
mortgage the real property, and convey an equity, through
which the heir may be compelled to convey the legal title.  In
*Lang v. Waring*, 25 Ala. 625, the rule thus broadly asserted is
explained and modified, and the power of the surviving part-
ner to mortgage the real estate is doubted.  Expressing no in-
tention to affirm the correctness of the former decision, it was
held, that if the authority to mortgage was conceded, it is sub-
ject to confirmation by a court of equity, and unless the con-
veyance is such, as the court would have ordered or sanctioned
if made under its own direction, it will not be upheld, nor the
heir divested of the legal title.  While the surviving member

of an insolvent partnership may make an assignment, just in all respects, and for the equal benefit of all the creditors, his power to give a preference to some of them, by a mortgage of partnership effects, is a question worthy of consideration, in view of its inconsistency with the equality generally observed in marshalling the assets of insolvent partnerships, and with the policy of our legislation in respect to general assignments, and the requirement of *pro rata* distribution in insolvent estates.—*Hutchinson v. Smith,* 7 Paige, 26. But this question we leave undecided, as the exigencies of the case do not necessitate its decision.

The bill is a creditors' bill, brought by complainant on behalf of himself and the other creditors of Clark, Hart & Co. The purpose is, to have a mortgage executed by Hart to Comer in February, 1881, declared a general assignment, so far as relates to a part of the real estate embraced therein, which for convenience may be designated the warehouse property. Clark died in 1875, leaving Drewry and Hart surviving partners, the latter of whom had, during the existence of the partnership and after its dissolution, sole control and management of its affairs. The allegations of the bill show sufficiently, that the warehouse property belonged to the partnership, constituting the larger part, if not the whole of the capital. It does not appear in whom the legal title was vested, whether in the firm or in the members as tenants in common. The bill further alleges the insolvency of the firm, of Drewry, and of the respective estates of Clark and Hart, who have since died; and that the warehouse property was substantially all the property of Clark, Hart & Co., at the time of the execution and delivery of the mortgage.

The rights of the parties depend on the question whether, on the allegations of the bill, the mortgage comes within the purview and operation of the statute, which declares: "Every general assignment, made by a debtor, by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be, and enure to the benefit of all the creditors of the grantor equally."—Code, § 2126. The policy of the statute is to prohibit discriminations between creditors, by withdrawing from a debtor the power to give preferences to one or more to the exclusion of the others. Whatever may be the form of the judgment, whether an assignment, or a mortgage, or other transfer as security for his debt, if it conveys substantially all of the debtor's property not exempt from the payment of debts, and gives preference or priority of payment, it falls within the statute. It may be, that a transfer of substantially all the partnership effects by a *firm*, giving preference to one or more

Vol. lxxx.

[Espy v. Comer et al.]

creditors, is within the equitable construction and spirit of the statute, and enures to the benefit of all the firm creditors equally to the exclusion of the separate creditors. Conceding this, the inquiry remains, does the statute, in letter or spirit, include a mortgage, executed by a surviving partner in his own name, as security for his individual assumption of a debt of the partnership, which conveys real estate, declared therein to be owned individually by the grantor, but a part of which in fact belongs to the partnership and constitutes substantially all the property which the firm owned, but not transferring all of the separate property of the grantor? Is such mortgage, under the statute, a general assignment, so as to enure to the benefit only of the partnership creditors, to the extent of the partnership property? In determining this inquiry, we shall consider the character and effect of the arrangement under which the mortgage was given, and of the mortgage, which is made an exhibit to the bill, as shown by its statements and the purposes apparent on its face; no fraud, misrepresentation, or mistake being alleged; and shall omit any consideration of the fact, that Drewry, the other surviving partner, did not join in its execution; as he virtually ratified it, by subsequently making to Comer a quit-claim deed to his interest.

Clark, Hart & Co. were indebted to Comer, as surviving partner of Bates & Comer, in a large sum. At the time of the execution of the mortgage, Hart assumed the firm indebtedness; took up the notes and acceptance of Clark, Hart & Co. by which it was evidenced; gave his individual notes for the amount, with an extension of the times of payment; and made the mortgage to secure their payment, without any reference to his relation and authority as surviving partner, other than a recital that the purpose of the mortgage is to secure the payment of a debt, for which the mortgagor is liable as a member of the firm, and which he had assumed—a mere statement of the consideration of his individual notes. If the notes had been given by Hart as surviving partner, in renewal and extension of the original debt, they would not be binding on the other partners; though, in such case, the mortgage might be regarded in equity as security for the partnership debt, if otherwise just and equitable.—*Myatts & Moore v. Bell*, 41 Ala. 222; *Lang v. Waring*, 17 Ala. 145. But by the arrangement Hart, as an individual, assumed the partnership debt; the firm obligations were surrendered, and his notes accepted in payment. The partnership debt was converted into a separate demand, and Comer did not thereafter occupy the position of a creditor of the firm, having a claim to the rights and equities of such creditor. He became and was the separate creditor of Hart.—*Bank of Mobile v. Dunn*, 67 Ala. 381.

The mortgage is executed by Hart in his own individual name. The warehouse property is described as *formerly* owned by Clark, Hart & Co., but is declared in the mortgage to be Hart's separate property, having the legal title to four-fifths, and the equitable right to one-fifth interest therein; and is mortgaged as *such* with covenants of warranty, except as against a prior mortgage. The other real estate conveyed is the separate property of Hart. The mortgage, then, is made by Hart as an individual,—not in his capacity as surviving partner, and does not purport to convey partnership property, or any interest therein. Hart asserts entire ownership of the lands and conveys them as his separate property, and as security for the payment of his individual notes. The statute does not annul general assignments creating preferences; but preserves them for the benefit of all the creditors equally, merely annulling the preferences expressed.—*Danner v. Braver*, 69 Ala. 191. On the case made by the bill, the complainant seeks to sustain the mortgage as valid and legal, and elects to claim under it, only asking the enforcement of the trust, which the statute creates for the benefit of creditors. Admitting that the warehouse is in fact partnership property, nevertheless the grantor declares it is separate, and not partnership property. Claiming under it as a general assignment, the complainant can not "repudiate it so far as it passes rights to others which are inconsistent with independent, distinct rights to which he may be entitled." Though he may have an equity, as a partnership creditor, founded on rights independent of the mortgage, he can not elect to accept the rights and benefits it confers, and, at the same time, have its uses set aside, and the property appropriated to other and different uses.—*Moog v. Talcott*, 72 Ala. 210; *Hatchett v. Blanton*, 72 Ala. 425. The complainant, claiming under, and asserting rights derived from the mortgage, is bound by its terms, and is estopped to deny the ownership and title of the mortgagor, as recited therein. The statute declares the uses, and the mortgage should be read and interpreted, as if the statutory words,— "shall be and enure to all the creditors of the grantors equally" —were incorporated. Had the grantor conveyed, professedly and in terms, a part as partnership and a part as separate property, being substantially all belonging to the firm, and giving preference to a former creditor, it may be, that, on the equitable principle governing the appropriation of the assigned property to the respective classes of creditors, the mortgage would in equity be regarded as a general assignment in respect to the partnership property, enuring to the benefit of all the firm creditors. But if the mortgage is illegal, as an unauthorized preference between partnership creditors under a pre-

tended claim of individual ownership, or a fraud upon their rights, or a breach of the trust devolved by law on the surviving partner; the complainant should apply to vacate it as to the partnership property, instead of coming in under it as a creditor, to whose benefit it enured. The remedy in such case, is a bill founded on the *quasi* lien of partnership creditors, arising in cases of dissolution by death, the supervenient insolvency of the surviving partner, and his mismanagement and misapplication of the funds—not to have the mortgage declared a general assignment, but to vacate its uses, and have the assets marshalled and appropriated on the prevailing rules of equity, asserting rights independent and exclusive of the mortgage.

When a partner conveys, in his individual name, partnership property, the conveying instrument only passes his interest, remaining after the payment of the debts, and equalization of the accounts. If the warehouse is in fact partnership property, the mortgage only transfers Hart's interest therein, and the mortgagee took it subject to the equities of the firm creditors, which they may enforce, as in the analogous case of the sale of a partner's interest under execution at law.—*Farley v. Moog*, 79 Ala. 148. Had there been averment and proof that the mortgage conveyed substantially all the property of Hart, we think, that under the broad language of the statute, it would enure to the benefit of his separate creditors, and the creditors of the *insolvent* partnership equally.—*Bank of Mobile v. Dunn*, 67 Ala. 381. Without such allegation the bill is without equity.

Affirmed.