Fort *et al. vs.* The Martin Tobacco Company *et al.*

---

Fort *et al. vs.* The Martin Tobacco Company *et al.*

[Jackson, C. J., did not preside in this case, on account of providential cause.]

1. Where an assignment for the benefit of creditors was made, and
the schedule or list of creditors thereto attached did not show that
it was full and complete, and the affidavit thereto did not so state,
but stated that it was just and true, the assignment was void. Be-
ing void, the assignment could not be perfected after the filing of
a bill by creditors to set it aside.
2. The schedules of assets of the assignor and of his creditors should
be sworn to separately.

January 18, 1887.

Assignments. Laws. Before Judge BRANHAM. Floyd County. At Chambers, December 1, 1886.

The assignment in this case was dated November 2, 1886, and contained the following clause:

"Whereas, the party of the first part is indebted to the said persons and firms as set forth in 'exhibit A,' and being unable to meet his said indebtedness as it becomes due, hereby sells, conveys and assigns over to the said M. G McDonald, trustee, as aforesaid, for the benefit of his said creditors, without preference, except as hereinafter stated, subject to the priorities only as they exist at this date and as described in 'exhibit A,' the following described property, to-wit:"

After this clause followed a statement of property. Then came exhibit A, which was headed, "List of creditors of C. M. Fort, with names, post-office addresses and amounts due each," followed by a list of creditors. Next came exhibit B, which was headed, "Schedule and inventory of the estate of C. M. Fort." After this came directions to the assignee as to the disposition of the estate. At the close of the assignment was the following affidavit:

"Personally appeared before me C. M. Fort, who, being duly sworn, deposes and says that he has read over the inventory and schedule marked 'A and B,' attached to the foregoing deed of assignment and made part thereof, and that the said inventory and schedule marked A and B are in all respects just and true, and contain a full, correct and complete description of all the assets of every kind held, claimed or owned by him now at the time of executing the foregoing deed or instrument of assignment."

FORSYTH & HOSKINSON; C. N. FEATHERSTON, for plaintiffs in error.

C. A. THORNWELL; DEAN & EWING, for defendants.

BLANDFORD, Justice.

This was a bill filed by defendants in error against plaintiffs in error to set aside an assignment, and for the appointment of a receiver. The court held the assignment to be void, because the schedule or list of creditors was

Fort *et al. vs.* The Martin Tobacco Company *et al.*

not sworn to as the statute prescribes, and appointed a receiver; and this ruling and decision of the chancellor is excepted to, and the same is assigned as error.

1. The schedule merely states that it is a schedule of the creditors, their residences and the amount due each; it does not set forth that the same is a full and complete inventory of all indebtedness of every kind of the assignors; and the same is sworn to by the assignors as just and true.

Such an inventory and schedule should have been sworn to as a full and complete inventory, etc., as prescribed in the first section of the act of October 17, 1885, which act provides for such schedule of creditors and liabilities of the assignor. See Acts of 1884 and 1885, pp. 100, 101.

The second section of this act declares that no deed or instrument of assignment . . . shall be valid, unless accompanied by the sworn schedule, as required by the first section of the act.

The schedule itself does not purport to be a full and complete inventory, etc., as specified in the act, and the affidavit merely states that the schedule filed is just and true; and this affidavit, while it may be entirely true (which we think just and true means in this case), yet it falls short of asserting that the schedule is a full and complete inventory, etc. The schedule may not be full and complete, yet it may be true. So we think the court was right in holding the affidavit insufficient. Should it have been amended? We think not. If the affidavit was insufficient, as we hold, the assignment was void; it was no assignment, and the creditors of the assignors having filed their bill, it was then too late to perfect the assignment.

2. We also think that the assignment was void because the list of the assets of the assignors and the list of creditors were sworn to in the same affidavit. The two acts requiring lists of assets and of creditors seem to indicate that the schedules should be sworn to separately, and we so hold.

Let the decree of the chancellor appointing the receiver be affirmed.