## FARMER v. COBBAN.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—INVENTORY—VERIFICATION OF—DEFECTIVE—NO TITLE VESTS IN ASSIGNEE.

   Where an insolvent makes an assignment for the benefit of his creditors; but fails to make and file with the inventory an affidavit complying with the requirements of Section 2035, Civil Code, no absolute title to the assigned property vests in the assignee.

2. SAME—ATTACHMENT.

   An attachment of property in the hands of an assignee prior to the filing of the inventory and affidavit required by statute, is not premature, but may be defeated by a compliance with the provisions of law requiring the filing of the inventory and affidavit within twenty days after the assignment.

3. TITLE IN ASSIGNEE—INCHOATE.

   The purpose of the legislature was to require an assignor to make, and properly verify, and file the inventory, and record the assignment, as a condition precedent to the vesting of title absolute in the assignee. And while execution and delivery of the assignment vests an inchoate title in the assignee, a failure to comply with the other condition of the statute defeats the inchoate title, and renders the assignment void.

(Filed February 16, 1887.)

Appeal from the district court of Miner county.

The facts are fully stated in the opinion.

*Winsor & Swezey*, for defendant and appellant.

*George Rice*, and *R. B. Tripp*, for respondent.

PALMER, J.   On the sixteenth day of June, 1883, at How-
ard, in Miner county, Dakota, Francis M. Lighthizer made a
general assignment of all his property to the plaintiff, for the
benefit of all his creditors.   The plaintiff took possession of the
property by virtue of such assignment, and held the same until
the twenty-seventh day of June, 1883, when the defendant,
Walter H. Cobban, as sheriff of said county, seized the prop-
erty in controversy by virtue of a warrant of attachment, regu-
larly issued, in favor of Morris Auerbach and others, as plain-
tiffs, and against the said Francis M. Lighthizer, as defendant.
On the fifth day of July, 1883, the said Lighthizer filed in the
office of the register of deeds of said county the inventory con-
templated by Title 3 of the Civil Code of this territory, enti-
tled "Assignments for the benefit of creditors."   This action
is brought by the assignee to recover the possession of said
property.   The cause was tried by jury, at the —— term of
the district court for said county, and, by direction of the court,
a verdict was rendered for the plaintiffs, and against the de-
fendant, for a return of the property, and fixing the value of
the same at $6,000, to which the defendant duly excepted, and
the case comes to this court for review.

Several assignments of error are presented, but only one
question is relied upon by appellant, and that is as to the valid
ity and sufficiency of the assignment made by Lighthizer to
pass the title to the property in question to the assignee, the
plaintiff herein.   Section 2034 provides that, within 20 days
after an assignment is made for the benefit of creditors, the
assignor must make and file, in the manner prescribed by Sec-
tion 1938, a full and true inventory, showing, among other
things, (Subdivision 7,) "All of the assignor's property, at the
date of the assignment, both real and personal, of every kind,
not so exempt, and the incumbrances existing thereon, and all
vouchers and securities relating thereto, and the value of such
property, according to the best knowledge of the assignor."
Section 2035 then provides as follows:   "An affidavit must be
made by every person executing an assignment for the benefit

of creditors, to be annexed to and filed with the inventory mentioned in the last section, to the effect that the same is in all respects just and true, according to the best of such assignor's knowledge and belief."

The plaintiff in the action at bar introduced in evidence an inventory, which was verified as follows:

### "EXHIBIT B.

"*Territory of Dakota, County of Miner,—ss:* Francis M. Lighthizer, of Howard, Miner county, Dakota territory, being duly sworn, deposes and says that the following inventory is a full and true statement of all his estate, both real and personal, in law and equity, and incumbrances thereon, and all vouchers and securities relating thereto, and the present value thereof, with a schedule of all his debts, liabilities, and property exempt, to the best of affiant's knowledge and belief.

FRANCIS M. LIGHTHIZER.

Subscribed and sworn to before me this fifth day of July, A. D. 1883.

F. L. MULFORD, Notary Public, Miner County, Dakota Territory." [F. L. Mulford Dakota Notary Public.]

That this is not in form the verification required by the Code to be attached to the inventory must be conceded; and the question to be determined is whether it is so far defective as to render the assignment void, and the property attempted to be passed thereby subject to attachment by the creditors of the assignor. The decision of this question necessarily requires a construction of the various provisions of the statute providing for and regulating such assignments. That such construction should be given as would give effect to all the provisions, taken as a whole, is too well established to require further discussion. The initiator acts are to be performed by private persons, not public officers. The public generally and especially all creditors of an assignor, have an interest in such acts not only to the extent that all the proceedings whereby an assignor voluntarily enforces this process in the liquidation of his debts shall be regular, and according to the force provided by the

statute, but a further right to know, from the assignor's own acts, that the inventory by him filed shows, among other things, all the property of the assignor at the date of the assignment which is exempt by law from execution." To this end, Section 2035 requires every assignor to make affidavit to the effect that the inventory is in all respects just and true, to the best of such assignor's knowledge and belief. Whether or not experience had taught the framers of the law that illy-guarded legislation of this character afforded opportunities for dishonest debtors to make preferences among their creditors, or defraud all alike, may not necessarily be inquired into. It is sufficient to know that such are the provisions of the law, and to give legal effect to the same will be the accomplishment of our purpose.

Section 2034 specifies what the inventory shall contain. Section 2035 then requires the assignor to make his affidavit that such inventory is in all respects just and true; and further provides that such affidavit of verification shall be annexed to and filed with the inventory. Then, by Section 2036, such assignment must be recorded, and the inventory filed with the register of deeds of the county in which the assignor resides at the date of the assignment. It will be observed that the form of the verification attached is substantially the provisions of Subdivision 7 of Section 2034, and in no sense the verification contemplated by the words of Section 2035. We conclude that the legislature had some purpose in enacting Section 2035. That purpose must have been to require the assignor to make affidavit of verification, substantially in compliance therewith, and attach the same to the inventory for the purposes contemplated by Section 2036. Such proceeding would enable creditors to defeat fraudulent assignments. The clear purpose of this legislation must have been to require an assignor to make and properly verify his inventory, file the same so verified, and record the assignment as a condition precedent to the vesting of title absolute to the property in the assignee. To give to this section of our law the force only of a directory provision would be to destroy by judicial determination a provision of the law which was clearly intended to prevent, and make impossi-

ble, the fraud and colusion which oftentimes attaches to trans-
actions of this character, by those who find themselves pressed
by creditors, and overwhelmed by debts, for which, by mis-
management, or perhaps misfortune, they are at the time un-
able to provide.

It will be again observed that, under the law, the assignor
had 20 days from the date of the assignment in which to file his
inventory and record his assignment. The attachment was
levied eleven days after the assignment, leaving nine days in
which to make the verification, file the inventory, and record
the assignment. These acts were in fact done eight days after
the attachment. What the purpose of the assignor was in not
making such a verification as the law requires is left to conjec-
ture, and no effort seems to have been made, even after 20 days,
and before trial, to legally perfect the verification and assign-
ment, and defeat the attachment. Whether or not this could
have been done is not presented for determination, and is only
considered as possibly explaining the *bona fides* of the trans-
action,—a very essential element in proceedings of this char-
acter.

The attachment having been made before the expiration of
the 20 days allowed for recording the assignment, it is insisted
by the learned counsel for respondents that the same was pre-
maturely made; and, in effect, that a creditor was precluded
from attacking the validity of the assignment during the 20
days allowed by law for making such record. This presents
the question, what was the legal interest or title vested in the
assignee after the delivery of the assignment, and before the
expiration of the 20 days? Clearly, an inchoate title vested in
the assignee, good against creditors, provided it was thereafter
perfected by a compliance with the provisions of the law above
referred to; but in case of failure to comply with all the essen-
tial provisions thereof, the assignment must be adjudged void.
Juliand v. Rathbone, 39 N. Y. 369.

Mr. Justice NELSON, in Lapp v. Van Norman, 19 Fed. Rep.
406, says: "It is claimed that the property in the possession of
the assignee is in *custodia legis*, and not subject to seizure by

writ of attachment. I do not agree to this, and while I conclude that an attachment would not hold the property to satisfy a judgment against the defendants, unless the assignment is fraudulent and void against the plaintiffs; yet, under the law, the property in the possession of the assignee is not *in custodia legis*, so as to exempt it from seizure." The plaintiff herein had the right to test the validity of the assignment by proceeding at law, and such being the legal *status* of the property in question, he clearly had the right to levy his attachment.

As has been shown, the assignor had nine days after the levy in which to properly verify and file his inventory, and record his assignment, thereby eliminating from the case all questions of fraud in law, and leaving the plaintiff's attachment and suit to stand or fall dependent upon his success in establishing fraud in fact. It appearing, however, from the record, that the assignor failed at any time within the 20 days provided by law to attach to the inventory filed such an affidavit or verification as is required by Section 2035, the assignment became void, and judgment is reversed.

The value of the property having been by agreement fixed in the court below, nothing remains to be litigated, and the cause is remanded, with direction to enter judgment for defendant.

TRIPP, C. J., having been of counsel, did not sit in the case.