V rN Ness, J.,
delivered the opinion of the court. The fifth plea being admitted to be bad, the first question is, whether or not the fourth plea can be supported ? The facts stated in that plea, are, that before any of the rent, reserved in the lease, fell due, the defendant had duly assigned all his interest in the demised premises to Graham, and that Barlote, the lessor, had accepted Graham as his tenant. The validity of this plea depends upon the construction to be given to the defendant’s covenant contained in the assignment to him by the plaintiff, and the nature and extent of the obligation which that covenant created. It is substantially a covenant, on the part of the defendant, that he will pay to Barlote, the lessor, the rent reserved by the lease, from time to time, as it shall become due. It was made with the plaintiff, and he only can maintain an action upon it, in case of non-performance; it is not a *200 covenant made with Harlow, the lessor, nor for his benefit, nor can it be enforced by him. For, although the defendant. so long as he continued to be the owner of the term under the assignment, was liable for the payment of the rent to the lessor; yet such liability was not created by the covenant in question, but by the covenant in the lease. He was answerable as assignee of the term, not upon any privity of contract, but upon the privity of estate ; and he would have been equally liable if no such covenant as that in question was contained in the assignment.
The plaintiff continued answerable for the payment of the rent, notwithstanding the assignment to the defendant, even if the latter had been received and accepted by the lessor as his tenant. This principle has been firmly settled lor centuries, and is no longer to be drawn in question.
When a landlord gives a lease, he selects his tenant; he trusts to the skill and understanding of that tenant; and it cannot be endured, that lie should afterwards be deprived *of his action on the covenant to which he trusted. (Auriol v. Mills, 4 Term Rep. 98.) The lessee, having a right to sell, may bring in a tenant altogether incompetent to the proper management of the’ land, and the payment of the rent; and he again may sell to another person still more objectionable. The same reason why the lessor’s right to resort to the lessee for the payment of the rent, is preserved after assignment, applies to the case of the lessee when he sells to another. The lessee continuing to be liable, he selects his successor with a view to the future punctual payment of the rent, and, trusting to the responsibility of the person to whom he sells, he takes from him such security, by way of covenant, or otherwise, as shall bind him to pay the rent, notwithstanding any future alienations that may be made of the land. Covenants of this kind are both usual and proper, and suits upon them are not without precedents. The case of Atkinson’s Executor, &c. v. Coatsworth, (8 Mod. 33.) is, in all essential respects, like the present, and the words of the covenant are almost precisely the same. This case will be noticed presently for another purpose. The case, also, of Mayor y. Steward, (4 Burr. 2439.) was upon a covenant substantially like the one in this case. The defendant pleaded his discharge under the bankrupt law; but the court, after great consideration, gave judgment against him. It was held, that notwithstanding the defendant had been, divested of all his interest in the land, under the commission of bankruptcy; still, having entered into an express covenant, he was bound for the rent that subsequently accrued. It was observed, that it was not a case between lessor and lessee, but a distinct, detached, collateral, independent covenant between the plaintiff and the defendant. It was his own express collateral covenant, not a covenant that runs with the land. What ’ I have said, and the cases that *201 D€ en referred to. show, that the assignment by the deil'iidant to Graham, and the acceptance by the lessor of Graham, ns his tenant, do not discharge the defendant from this covenant, and that his liability does not arise out of the privity of estate, but the privity of contract; and- this is an answer to the objection that has been made, that this action is local, the covenant *having been made in England, and that n<> suit, therefore, can be maintained upon it, in the courts of this state. The suit is brought on the express covenant, which remains in full force after the land is gone, and is founded on u privity, collateral to the land. (Mills v. Auriol, 1 Hen. Bl. 443 ) Like every other personal agreement, it is transitory in its nature, and may be tried here, though arising out of a transaction abroad. (Doulson v. Matthews et al. 4 Term Rep. 503.) Debitum et contractus stint nulling loci. (7 Co. Rep. 3. Bulwer’s case.)
The plea, therefore, must be considered bad; but the counsel for the defendant, as he has a right to do, has taken an exception to the sufficiency of the declaration, which it, therefore, becomes necessary to consider. The plaintiff has not averred that he has been damnified by the breach of the covenant, on the part of the defendant, in having, either voluntarily or compulsorily, paid the rent in arrear. The declaration contains an averment, that the rent, to a certain specified amount, and for a term specified therein, is yet in arrear, and unpaid, to the lessor, Barlow, and the breach assigned, is for the non-payment thereof by the defendant. It i“ argued, on the part of the defendant, that, until the, plaintiff has paid the rent, he cannot maintain an action at all, or, in other words, that the covenant is not broken until the plaintiff has satisfied the rent. This is a mistake. The covenant is, that the defendant shall pay the rent to the lessor as it falls due, and the moment the day of payment is past, and the rent is left unpaid, the covenant is broken, as well according to its words as its spirit, and the action is, at all events, maintainable.
Another question then arises, what shall be recovered ? Nominal damages only, or the amount of the rent due ? My opinion is, that the latter is recoverable. The covenant is not that the defendant shall indemnify the plaintiff against his own covenant in the lease, or against any damage which he may sustain, but it is express and positive, that the defendant will pay the rent, for which the plaintiff continued to be liable, mtw ithstanding the assignment; the sum to be paid is certain and liquidated, and the breach of the covenant consists in the non-payment of it, and a plea of non *dmnnificatus would, therefore, be no answer to the declaration. The contract b-'tween the parties amounts to a covenant, on the part of the defendant, to pay a present debt of the plaintiff which would bee.une payable, from time to time, to Barlow, the lessor; and *202 it would be against all reason and justice to permit the defendant to say, that the plaintiff’ shall himself first pay and advance the money, before his right of action against the defendant to recover it arises. This was not the intent of the parties, nor the legal effect of the contract; and the very reason for inserting this covenant was to guard against the necessity of the plaintiff’s paying the rent, before he would be in a situation to recover it from the defendant, on his default. If the plaintiff had, from time to time, as the rent fell due, paid it to the lessor, he might have recovered it back from the defendant or his assignees, in case he had assigned it, as so much money paid for his or their use ; and no such covenant as that contained in the lease was necessary, if the construction of it be such as is contended for on the part of the defendant. The very insertion of this covenant shows, that something more was intended, and that, no doubt, was, that the plaintiff should have his remedy upon it against the defendant, the moment he exposed the plaintiff to a suit by not paying the rent as it fell due. Suppose a covenant is entered into by A. with B., that he will pay B.’s bond to a third person, when it falls due, there cannot be a question that if A. makes default, he is liable for the amount of the bond, though B. has not paid it himself. A reference to a few adjudged cases will show, that this view of the effect of the covenant is well founded. In the case of Holmes et al. v. Rhodes, (1 Bos. & Pull. 638.) a suit was brought upon a counter bond, given by way of indemnity to the plaintiffs, conditioned for the payment by the defendant of a certain sum of money on the day it fell due, according to the terms of the principal bond, to a third person, and which had been executed by the plaintiffs as the defendant’s sureties. The defendant pleaded non damnificatus, and the court held, that the plea was no answer to that part of the condition by which the defendant had undertaken to pay the sum for which the plaintiffs had bound themselves, and was, therefore, *bad. In a note to the case of Cutler et al. v. Southern et al., (1 Saund. 116. note 1.) Serjeant Williams takes this distinction, which is fully supported by the cases to which he refers, namely, the plea of non damnificatus cannot be pleaded where the condition is to discharge or acquit the plaintiff from such a bond, or other particular thing, for there the defendant must set forth, affirmatively, the special manner of performance. But it is otherwise where the condition is to discharge and acquit the plaintiff from any damage by reason of such bond or other particular thing, for that is, in truth, the same thing with a condition to indemnify and save harmless.
The principle established in those decisions where it has been held that if a bond be conditioned for the payment of money at a certain day, though really given by way of indemnity, and that fact appearing on the face of it, the debt accrues *203 frpm the day mentioned in the condition, and does not await the damnification, is strictly analogous to the case before us. Toussant et al. v. Martinnant, 2 Term Rep. 100. Martin v. Court, 2 Term Rep. 640. Hodgson et al. v. Bell, 7 Term Rep. 97.) The case before cited, of Atkinson’s Executor v. Coatsworth, is also in point, to show, not only that this action is maintainable, but, also, that the amount of the rent due is the proper rule of damages. In that case, the rent reserved by the i; ase not being paid, the action of covenant was brought against the under-tenant, and the breach assigned was the non-payment of the rent, to which the defendant pleaded the general issue ; the cause was tried, and the plaintiff had a verdict and judgment. Upon a writ of error by the defendant, the judgment was affirmed, and though other errors were assigned, it was not even suggested, that the plaintiff could not recover, because no averment was contained in the declaration, that the plaintiff had paid the rent. The opinion of the court, accordingly, is, that the plaintiff is entitled to judgment on the demurrer.
Judgment for the plaintiff. (a)

 Vide post, 479. Same case, affirmed, in error.