## PHELPS v. VAN DUSEN.

December, 1867.

In an action for rent, under an averment describing the lease as for two years, the lease may be admitted in evidence, although extended, by virtue of a covenant therein contained, for an additional period, at increased rent.

The landlord may recover if his action is upon an express covenant to pay rent, although prior to the accruing of the rent sued for, the renewal lease was assigned to third persons, and the plaintiff accepted subsequent rent from them.

Isaac N. Phelps and others sued George Van Dusen, to recover rent for premises occupied by defendant under a written lease from the plaintiff for two years, with covenant for additional term at increased rent.

Before the expiration of the first term, the defendant assigned the lease to Benjamin & Co., from whom the plaintiff received rent from the commencement of the second term.

The defendant retained possession of the premises until the close of the first term, but did not pay the rent for the last quarter, for which the plaintiffs brought this suit against him, and recovered judgment therefor, which was affirmed at general term. The defendant appealed.

*S. C. H. Bailey*, for defendant.

*Terwilliger & Hosford*, for plaintiff.

By THE COURT.—GROVER, J.—None of the objections to the introduction of the lease in evidence were well taken. The proof of its execution by the defendant was sufficient; and if not, the fact was afterward proved by the defendant. The lease was properly described as a lease of two years, although extended, by virtue of a covenant therein contained, for an additional period of three years, at an increased rent.

The rent claimed in this action accrued prior to the assignment of the lease by the defendant to Benjamin & Co.

Besides, the defendant expressly covenanted to pay the rent to the plaintiff, and the action is upon the covenant. The assignment of the lease to Benjamin & Co., and the acceptance of rent subsequently by the plaintiff from them, did not discharge the defendant from his covenant to pay the rent. Post v. Jackson, 17 *Johns.* 239; Same case in error, *Id.* 479.

The judgment appealed from must be affirmed.

All the judges concurred, except BOCKES, J., absent.

Judgment affirmed, with costs and ten per cent. damages. ·