# IN GENERAL TERM, 1872.

James R. Elliott et al *v.* Henry Boedecker, Appellant.

Appeal from Blair, Judge.

Verdict—*when will not be disturbed*—
Instructions—*when presumed correct.*

When the evidence is not in the record, the verdict of the jury will not be disturbed, and the instructions given to the jury will, in the absence of the evidence, be presumed to be correct.

*George T. Morton,* for appellant.

*Lamb & McLain,* for appellee.

Rand, J.—This was a suit brought by Elliott & Denny against Henry Boedecker, on an account for services ren-

dered by them as real estate agents, and brokers, for negotiating a sale of defendant's real estate to one Pearson. The suit was instituted before a Justice of the Peace, and judgment by default against defendant. After the time of appealing from the Justice's judgment had elapsed, defendant obtained an order, at Special Term, granting him an appeal. The case, after a motion by plaintiffs to dismiss the appeal was overruled, was tried at Special Term by a jury, and a verdict in favor of the plaintiffs, and there was a judgment on the verdict over defendant's motion for a new trial, and an appeal was taken to General Term. The assignments of error are :

*First*, The Court erred in instructing the jury.

*Second*, In overruling the motion for a new trial.

The reasons assigned for a new trial are, that the verdict of the jury is not according to law—is contrary to the evidence, and is not supported by the evidence ; also that the Court erred in instructing the jury.

The evidence is not in the record, and it would be difficult without it, to say that the verdict is contrary to the law, or evidence, or that it is not sustained by the evidence.

The instructions complained of, might have been applicable to the evidence given to the jury, and if so, we can not reverse this case on the grounds that the instructions were erroneous. See *Coyner* v. *Lynde*, 10 Ind., page 283.

The plaintiffs have assigned for cross-error, that the Court erred in granting defendant an appeal from the judgment of the Justice of the Peace.

The defendant filed his affidavit, stating that the constable's return to the summons shows that it was served by leaving a copy at his last usual place of residence, that defendant never got said copy, never heard of such copy being left as stated in this return, and he never heard of the institution of the suit until the expiration of thirty days after the rendition of the judgment.

We think the affidavit was sufficient, and the Court at Special Term, having sustained the motion, and granted an appeal, we can not say he was not fully justified in doing so.

Judgment is affirmed with costs.