ROBERT T. SMART, APPELLANT, *v.* ANDREW J. SMART, RESPONDENT.

*Agreement — when not one of indemnity merely — when the defense of the statute of frauds cannot be set up after a partial performance.*

The parties hereto entered into an agreement whereby the plaintiff was to purchase certain real estate of the defendant, and in part payment thereof convey to him a stock of goods in a store and the unexpired term of a lease thereof made to the plaintiff, the defendant agreeing, orally, to pay the rent thereafter to fall due thereon to the lessors. The agreement was fully performed by the plaintiff, who thereafter brought this action to recover the rent which the defendant had failed and refused to pay.

*Held,* that the agreement was not one of indemnity merely, and that the plaintiff was not required to prove actual damage to maintain his action.

That the agreement having been fully performed by the plaintiff, and the defendant having taken possession of the goods and store, the defense that the agreement was void under the statute of frauds could not be interposed.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed at the circuit.

In 1875 the defendant agreed by parol to convey to the plaintiff certain real estate, and to receive in part payment thereof a stock of goods in a store and the unexpired term of about fourteen months of a lease thereof given by the owners to the plaintiff, the defendant agreeing to pay the rent to fall due upon the lease to the lessors. The agreement was carried into effect. Subsequently, the defendant having assigned the lease and neglected to pay the rent, this action was brought by the plaintiff upon the said agreement to recover the amount due.

*Olin A. Martin*, for the appellant.

*James Lansing*, for the respondent.

BOCKES, J.:

The parties do not differ as to what should be deemed to be the agreement brought under examination in this case. As the plaintiff states the contract in his points, it was that the defendant would pay the rent for the unexpired portion of the term. As the defendant states it, he was to have possession of the premises for the unexpired term and pay the rent to the lessors, the Warrens. The evidence sustains the latter, if indeed there be any difference in the statement of it by the respective counsel. If this contract be held to be one of mere indemnity, the plaintiff has no right of action until damnified, that is, until the rent, or some part of it, for which he was liable to the Warrens was paid by him. But the contract was not one of indemnity merely. It was to do a positive act; to pay the rent for which the plaintiff was liable to the Warrens, when and as it should fall due. In such case an answer of *non damnificatus* is not good. (*Port* v. *Jackson*, 17 Johns., 239; also, *Jackson* v. *Port*, id., 479; *Gilbert* v. *Wiman*, 1 N. Y., 550; *Rector, etc.*, v. *Higgins*, 48 id., 533; *Belloni* v. *Freeborn*, 63 id., 383–390; *Kohler* v. *Matlage*, 72 id., 259.) There are many other cases to the same effect referred to in the cases cited. Here there was a promise to the plaintiff to pay the rent for the unexpired term. On non-pay-

ment the defendant became liable to the plaintiff on this promise to the amount of rent unpaid. The cases above cited so hold.

But it is urged that the contract was void under the statute of frauds (1) because not in writing, and (2) because not to be performed within a year from the making thereof. It appears that the contract was fully performed on the part of the plaintiff. The defendant went into possession, not to speak of other matters of consideration which he accepted and took the benefit of. The contract was not therefore merely executory. The plaintiff had fully performed by delivering over to the defendant the property agreed to be sold and delivered, and the defendant accepted of it, held it and retained the benefits derivable from its delivery, possession and use. All that remained to be done was for the defendant to make payment as he had agreed. In this view it was like an action for property sold and delivered. The statute of frauds is not a defense in such case. The defendant got all he bargained for, and should therefore pay as he agreed. (*Thomas* v. *Dickinson*, 12 N. Y., 364; *Tyler* v. *Church*, 54 id., 632.) In the last case cited it is said that the plaintiff having fully performed the agreement on his part, the defendant could not avail himself of the statute of frauds. It is a well settled rule that a party who takes the full benefit of a contract is bound to fulfill it on his part. We are of the opinion that the plaintiff was improperly nonsuited.

Motion for new trial granted, costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

New trial granted, costs to abide event.