Sparkman v. Gove.

---

NELLIE F. SPARKMAN AND HUSBAND (WHO SUES FOR THE USE OF GEORGE CLARK) v. FRANCIS N. GOVE.

1. The grantee in a deed, by accepting the same, becomes liable on the covenants therein purporting to be made by him, just as if he had signed and sealed the instrument.

2. A covenant by the grantee in a deed to assume a mortgage, for payment of which the grantor is personally liable, binds the grantee to pay the mortgage debt.

3. In an action for breach of the defendant's covenant to pay a debt which the plaintiff owes, the damages recoverable are the full amount of the debt although the plaintiff may not yet have paid the same.

In covenant.  On case certified from the Morris Circuit.

Argued at February Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Theo. Little.*

For the defendant, *H. C. Pitney.*

The opinion of the court was delivered by

DIXON, J.   The plaintiffs on April 1st, 1873, conveyed to the defendant certain lands by deed containing the following clause : " Subject to certain mortgages, now liens, &c., one to secure, &c., the other to secure the payment of the sum of $3000, with interest, and which mortgages are assumed by the party of the second part."   The mortgage for $3000 had been made by the plaintiffs to E. F. C. Young to secure their bond to him for that sum, and the bond and mortgage were subsequently assigned by Young to George Clark for $450. They were due before suit.   The action was brought for breach of the covenant to assume the mortgage, and purports on the record to be " for the use of George Clark."

The cause was tried at the Morris Circuit, whence the following questions are certified for the advisory opinion of this court, viz.: *First.* Are plaintiffs entitled, upon said facts, to recover more than nominal damages ?  *Second.* If entitled to recover more than nominal damages, are they entitled to recover only the sum named in the assignment to the real plaintiff, or the whole amount remaining due and unpaid on the bond and mortgage ?

The grantee in a deed, by accepting the same, becomes liable on the covenants therein purporting to be made by him,

just as if he had signed and sealed the instrument. *Finley* v. *Simpson*, 2 *Zab*. 311.

The covenant in the present case was one to pay the mortgage. Its language, " which mortgages are assumed by the party of the second part," imports that the grantee entered into a personal obligation, and took upon himself the duties of the covenantees with regard to the mortgage. Those duties comprised, in this instance, an obligation to pay the mortgage debt at its maturity, and this obligation must therefore be considered as assumed by the defendant. His covenant is not fairly capable of any less onerous interpretation. *Braman* v. *Dowse*, 12 *Cush*. 227.

On the breach of such a covenant, the damages recoverable are a sum sufficient to put the plaintiff in the position in which he would have stood if the covenant had been kept, *i. e.*, one of complete exoneration from the obligation which the defendant had agreed to discharge. Such sum is the whole amount of the plaintiff's debt. The authorities to this effect are clear and weighty. They distinguish between cases growing out of the mere liability of the plaintiff as surety for the defendant, or mere contracts to indemnify, on the one side, and cases resting upon the express agreement of the defendant with the plaintiff to pay a debt for which the plaintiff or his property is bound. In the former class, payment by the surety or actual loss must precede recovery; in the latter, the promisee, on breach, may recover the amount of the debt. A few decisions only need be cited to show the strength of the rule.

In *Lethbridge* v. *Mytton*, 2 *B.' & Ad.* 772, the defendant had conveyed to the plaintiffs, upon the usual trusts of a marriage settlement, certain estates subject to encumbrances amounting to £19,000. These the defendant covenanted to pay off within twelve months after the marriage, but failed to do so. The suit was for breach of this covenant, and a sheriff's jury having given only nominal damages, the Court of King's Bench set aside the inquisition upon the ground that the plaintiffs were entitled to recover the whole amount of the

encumbrances, the judges suggesting that it was for the defendant to resort to equity if he had equity on his side, for at law the right of the plaintiffs was to have the estates unencumbered.

In *Rector, &c., of Trinity Church* v. *Higgins*, 48 N. Y. 532, the defendant, as lessee of the plaintiff, had covenanted with the plaintiff to pay all the assessments imposed during the term upon the demised premises. The Court of Appeals held that, upon breach, the lessor could recover the full amount of these assessments, although they had not been paid by the plaintiff, nor had any proceedings been instituted by the public authorities to enforce collection.

In these two cases it was the property only of the plaintiffs which could be held for the debt, and it does not appear that there was any other mode of compelling the defendant to pay, save by action of the plaintiff.

In *Port* v. *Jackson*, 17 *Johns.* 239, Port, as lessee, and Jackson, as assignee of the term and terre-tenant, were both liable to the landlord for the rent of the demised premises, and Jackson covenanted with Port that he would pay it. Having failed, it was held that Port could recover from Jackson the whole amount of the rent in arrears, although he himself had not paid it.

So, in *Matter of Negus*, 7 *Wend.* 499, Sinnott and Negus, as partners, were jointly liable for certain debts, and Negus gave Sinnott his bond conditioned for their payment. The court decided that Sinnott was entitled to the amount of the debts as damages upon his bond, although the debts still remained unpaid.

In *Loosemore* v. *Radford*, 9 *M. & W.* 657, the defendant, as principal, and the plaintiff, as his surety, were joint makers of a promissory note, which the defendant expressly covenanted with the plaintiff to pay according to its tenor. The note being unpaid at maturity, the plaintiff sued for breach of the covenant, without himself paying the debt, and recovered the full amount thereof from the defendant. The Court of Exchequer refused a rule for a new trial, Parke, B., saying:

" The defendant may perhaps have an equity that the money he may pay to the plaintiff shall be applied in discharge of his debt; but at law the plaintiff is entitled to be placed in the same situation under this agreement as if he had paid the money to the payees of the bill."

In these three cases the plaintiffs' obligations were merely personal, and payment to the plaintiffs would not discharge the defendants, who would remain legally responsible to the original creditors.

The case of *Furnas* v. *Durgin*, 119 *Mass.* 500, seems to be exactly like the one before us. The defendant, by accepting from the plaintiff a deed of land subject to a mortgage, had covenanted to pay the mortgage, for which the plaintiff was personally liable. The court held that, on breach, the plaintiff could recover the full amount of the mortgage, saying : " There is no reason why an agreement may not be made which shall bind the party so contracting to pay the debt which another owes, and thus relieve him or his estate from it, and if the promise thus made is not kept, why the promisee should not recover a sum sufficient to enable him so to do."

Other cases to similar effect will be found cited in the opinions above referred to, and need not be here again mentioned.

Although this rule may occasionally expose the promisor to some danger of being twice compelled to pay the same debt, yet the risk can always be escaped by exact performance of his contract, and, where he is in default, the instances will be rare in which the court rendering judgment against him will not protect him from loss, and even in these instances a timely resort to equity will afford him relief. In the present case his security is complete, for the plaintiffs, by suing on the record " for the use of" the mortgagee, have clearly put it in the power of the defendant to obtain cancellation of the judgment by paying that creditor.

Let the Circuit be advised that the plaintiffs are entitled to recover the amount due upon the mortgage.