KEYS & MARSHALL REALTY CO. v. TRUSTEES OF CANTON CHRISTIAN COLLEGE.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. COVENANTS (§ 67*)—COVENANTS RUNNING WITH THE LAND—COVENANT OF WARRANTY.

   A covenant of warranty runs with the land.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 64; Dec. Dig. § 67.*]

2. COVENANTS (§ 102*)—BREACH—COVENANTS OF WARRANTY.

   An eviction, actual or constructive, by an elder title, constitutes a breach of a covenant of warranty.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 157–168; Dec. Dig. § 102.*]

3. COVENANTS (§ 81*)—COVENANTS RUNNING WITH THE LAND—WARRANTY—PRIVITY OF ESTATE.

   A remote grantee's right of action upon the breach of a covenant of warranty against the original covenantor depends, not upon privity of contract, but upon privity of estate.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 87; Dec. Dig. § 81.*]

4. VENUE (§ 5*)—BREACH OF COVENANT—LOCAL ACTION.

   An action by a remote grantee against the original covenantor for a breach of a covenant of warranty is a local and not a transitory action, and will lie only in the place where the land is.

   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. § 5.*]

Appeal from Special Term, New York County.

Action by the Keys & Marshall Realty Company against the Trustees of the Canton Christian College. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Mornay Williams, for appellant.
John C. O'Connor, for respondent.

CLARKE, J. Plaintiff is a Missouri corporation. Defendant is a domestic corporation. The complaint sets up an action for damages on breach of covenant of warranty, contained in a deed conveying lands situate in St. Louis, Mo., executed and delivered by defendant at the city of New York to plaintiff's predecessor in title. Plaintiff, a remote grantee through several mesne conveyances, sues defendant as original covenantor. The breach alleged is a judgment of eviction from a portion of the lands conveyed in a suit brought in the circuit court of the city of St. Louis, Mo., by the holder of an elder and better title, of which suit defendant had notice.

The defendant demurred upon the ground that it appears on the face of the complaint that the court has no jurisdiction of the subject of the action, because it appears on the face of the complaint that the action is for damages for alleged breach of warranty in a deed of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

real property lying wholly within another state, to wit, the state of Missouri, and also that the complaint does not state facts sufficient to ·constitute a cause of action. The Special Term overruled the demurrer, upon the ground that . the complaint stated facts sufficient to constitute a cause of action, and from the interlocutory judgment entered thereon defendant appeals.

[1–3] It is well established . that a covenant of warranty runs with the land, and that eviction, actual or constructive, by elder title, constitutes a breach. A cause of action accrues upon the breach . to a remote grantee against the original covenantor. The question presented is whether such cause of action . is transitory or local. This depends upon the question whether the cause of action is based upon privity of contract or privity of estate.

In Clarke v. Priest, 21 App. Div. 174, 47 N. Y. Supp. 489, Willard Bartlett, J., said:

"A covenant is said to run with the land when such covenant, given by ·a prior owner, inures to the benefit of subsequent owners in the chain of title. Until breach, all covenants for title run with the land. Under the common-law doctrine of covenants, according to the weight of American authority, * * * the covenant of warranty and the covenant for quiet enjoyment refer to the future, and hence run with the land. * * * Of the covenants of warranty and quiet enjoyment there is no breach until eviction, and hence no cause of action can arise until that time. There is, therefore, no conflict of interest between successive holders of the title. An earlier grantee of the land, who has parted with his title, cannot recover against his covenantor until himself compelled to respond on his own covenants to his grantee. Withy v. Mumford, 5 Cow. 137; Rawle on Covenants of Title, § 215."

In Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17, O'Brien, J., said:

"It must be regarded as the law of this case that privity· of estate is essential to carry covenants of warranty and quiet enjoyment to subsequent grantees, in order to support a right of action by them against the original covenantor, when there is an eviction by paramount title. It was so held by a majority of the Second Division when the case was there, and we felt constrained, when the case was here, to follow that doctrine. 142 N. Y. 82 [36 N. E. 870, 24 L. R. A. 850]."

In the same case (142 N. Y. .78, 36 N. E. 870, 24 L. R. A. 850), Finch, J., said, referring to the first appeal in 124 N. Y. 212, 26 N. E. ·611, 11 L. R. .A. 646:

"The majority of the court held that privity of estate is essential to carry covenants of warranty to subsequent grantees, so as to support a right of action by them against the original covenantor, whenever evicted by a title. paramount to his; and a covenant of warranty, made by one having neither title nor possession, and so no estate in the land, will not run with it into the hands of subsequent grantees, but will stop where the privity of contract ends, and so at the first or original covenantee."

Follett, C. J., in the same case (124 N. Y. 212, 26 N. E. 611, 11 L. R. A. 646), said:

" 'There are three manner of privities, viz.: (1) Privity in case of estate only. (2) Privity in respect to contract only. (3) Privity in respect to estate and contract together.' 2 Sugd. Vend. 714; 4 Cruise's Dig. 376 (Greenleaf's Ed. 458). The term 'privity in estate' denotes mutual or successive relationship to the same rights of property. Stacy v. Thrasher, 6 How. (U. S.) -44–59, 12 L. Ed. 337; Green. Ev. §§ 189, 523; Big. Est. (6th Ed.) 347. 'There

is a certain privity between the grantor and grantee of the land. It is not the privity arising upon tenure, for there is no fiction of fealty annexed. It is, however, the same sort of privity which enables the grantee of a purchaser to maintain an action upon the covenants of title given to his vendor; and it is, moreover, a privity of the same nature with that which obtains between the grantor and grantee of terms for life and for years.' Van Rensselaer v. Hays, 19 N. Y. 68, 91 [75 Am. Dec. 278]. * * * Under the facts found there was no privity of estate, actual or assumed, between the defendant (the covenantor) and Nancy Fisher (the covenantee), only privity by contract. The defendant having no estate, title, or interest in or possession of the land conveyed, there could be no privity in estate between him and Nancy Fisher, and, not having covenanted or represented that he had an estate, he cannot be estopped from showing that he had none. The only privity which existed between the defendant and Nancy Fisher was by contract, which is insufficient to carry the benefit to subsequent owners of the property to which the covenants relate. * * * Kent states the rule in this language: 'The distinction between the covenants that are in gross and covenants that run with the land (and which are covenants real, annexed to or connected with the estate, are beneficial to the owner of it, and to him only) would seem to rest principally on this ground that, to make a covenant run with the land, *there must be a subsisting privity of estate between the covenanting parties.*' 4 Kent's Com. 473."

Geiszler v. De Graaf, 166 N. Y. 339, 59 N. E. 993, 82 Am. St. Rep. 659, cited by respondent, simply decided that the court would hold that the covenant against incumbrances ran with the land.

[4] It thus appearing clearly that the cause of action alleged arises from privity of estate, is such action transitory or local?

White v. Sanborn, 6 N. H. 320, decided in 1833, was an action of covenant broken. The court upheld a demurrer to the declaration, which was by a subsequent grantee through mesne conveyances of a grantor of certain lands in Vermont; the deed containing a warranty, and there having been a judgment of eviction in Vermont against the plaintiff by a holder of an elder title. Richardson, C. J., said:

"In general, actions founded upon contracts are transitory, although made and even stipulated to be performed out of the state, for 'debitum et contractus sunt nullius loci'; but when the action is founded upon privity of estate it is local, and lies only in the place where the land is. 1 Chitty's Pl. 274; Comyn's Digest. 'Action,' N, 4; Way v. Yallay, 2 Salkeld, 651; Barker v. Damer, 1 Salkeld, 80, 1 Shower, 187; Way v. Yallay, 6 Mod. Rep. 194; Lienow v. Ellis, 6 Mass. 331; Bracket v. Alvord, 5 Cow. 18; Thrale v. Cornwall, 1 Wilson, 165. It is very clear that this action is not founded upon any privity of contract between the parties but upon privity of estate. * * * *And it is settled that not only real actions are local but that all actions founded on any privity of estate in land are also local.* Whether it might not have been better, if the law had been otherwise settled in this respect, it is not for us to say. We sit here to determine, not what the law should be, but what it is"

—and sustained the demurrer.

Clark v. Scudder, 6 Gray, 122, decided in 1856, was an action of contract in the Supreme Judicial Court of Massachusetts in the nature of covenant broken, upon a covenant contained in a deed of land, situate in Illinois, for peaceable enjoyment and warranty. Plaintiff claimed through several mesne conveyances. Upon the trial the Chief Justice, Lemuel Shaw, ruled that as this was an action on covenant running with the land, brought by an assignee of the covenantee, the land being situate out of the commonwealth, the court had no juris-

diction and a nonsuit was entered, subject to the opinion of the full court. This was given by Metcalf, J., as follows:

"This case cannot be distinguished from that of Lienow v. Ellis, 6 Mass. 331, where it was decided that an action of covenant concerning land, brought by the assignee of the covenantee against the covenantor, was local, and could be maintained only in the county where the land was situate. The same point was decided in the same way in White v. Sanborn, 6 N. H. 220, and Birney v. Haim, 2 Litt. (Ky.) 262. There is no privity of contract between the plaintiff and the defendants, but merely a privity of estate; and when an action is founded on privity of estate only it is local, as is shown, not only by the above-cited cases, but by numerous other books. 1 Tidd's Practice (1st Am. Ed.) 373; 1 Selw. N. P. (11th Ed.) 517; 1 Saund. Pl. & Ev. (2d Ed.) 865; Mayor, etc., of Berwick-upon-Tweed v. Shanks, 3 Bing. 460. The plaintiff contends, however, that as both he and the defendants are inhabitants of this state he is without remedy, unless he can maintain an action here, and that for this reason the court should sustain this action. Lord Mansfield once yielded to this consideration (Cowp. 180) at nisi prius; but he was overruled (Doulson v. Mathews, 4 Tr. 503). See, also, Shelling v. Farmer, 1 Stra. 646; Chit. Pl. (6th Am. Ed.) 302; Story Confl. par. 554. Nonsuit to stand."

Doulson v. Mathews, 4 Dern. & East (4 Tr.) 503, decided in 1792, was an action in the King's Bench of trespass for entering the plaintiff's dwelling house in Canada and expelling him. Lord Kenyon on the trial was clearly of opinion that the cause of action stated was local, and plaintiff was nonsuited. Erskine moved to set aside the nonsuit, observing that this was not an action to recover the land, but merely a personal action to recover a satisfaction in damages, which was transitory and might be tried here. Buller J., said:

"It is now too late for us to inquire whether it were wise or politic to make a distinction between transitory and local actions. It is sufficient for the court that the law has settled the distinction and that an action quare clausum fregit is local. We may try actions here which are in their nature transitory, though arising out of a transaction abroad, but not such as are in their nature local."

This case was followed by Chief Justice Marshall in Livingston v. Jefferson, 1 Brock. 203, Fed. Cas. No. 8,411, and by Chancellor Walworth in Watts v. Kinney, 6 Hill, 85, who said, referring to the Livingston Case:

"And one of the ablest judges who had adorned the bench of this or any other country, after full and elaborate argument before him, has pronounced the decision in Doulson v. Mathews [4 Durn. & East's Rep. 503] to be in accord with the settled principles of the common law."

Mayor, Bailiff, and Burgesses of the Borough of Berwick-upon-Tweed v. Shanks, 3 Bing. 460, was an action in the Common Pleas upon a covenant by the lessors against the assignee of a term in certain premises, alleged in the declaration to be situate within the liberties of Berwick-upon-Tweed. The venue was laid in Northumberland. There was a general demurrer, and joinder. Best, C. J.:

"The action is undoubtedly local, because it arises on privity of estate, and not on privity of contract. Our judgment, therefore, must be for the defendant."

In Port v. Jackson, 17 Johns, 239, which was an action on a covenant for the payment of rent, the court said:

"What I have said, and the cases that have been referred to, show that the assignment by the defendant to Graham, and the acceptance by the lessor of Graham as his tenant, do not discharge the defendant from this covenant, and that his liability does not arise out of the privity of estate, but the privity of contract; and this is an answer to the objection that has been made that this action is local, the covenant having been made in England, and that no suit, therefore, can be maintained upon it, in the courts of this state. The suit is brought on the express covenant, which remains in full force after the land is gone, and is founded on a privity, collateral to the land. * * * Like every other personal agreement, it is transitory in its nature, and may be tried here, although arising out of a transaction abroad. Doulson v. Mathews et al., 4 Term Rep. 503."

In the case at bar, the action, being by a remote grantee against the original covenantor upon a covenant of warranty, is maintainable only because that warranty runs with the land, and the plaintiff's right depends upon privity of estate; but that estate is situate in Missouri, and the breach, to wit, the eviction by title paramount, is evidenced by the judgment obtained in the courts of the state of Missouri, and, while the action is for damages, it accrues by reason of a transaction which could only occur in the state where the land is located. It is thus a local and not a transitory action, and, being so, the courts of this state, upon the foregoing authorities, have no jurisdiction of the subject-matter of the action.

The interlocutory judgment appealed from should be reversed, with costs and disbursements to the appellant, and the demurrer sustained, with costs, with leave to serve an amended complaint within 20 days, on payment of costs in this court and in the court below. All concur.