## MORRIS v. HAY.

(Supreme Court, Appellate Division, First Department.    April 7, 1916.)

1. COURTS ⬤⟿7—JURISDICTION—BREACH OF WARRANTY—LOCATION OF LAND.
The assignee of an immediate grantee, basing his action for breach of warranty of a deed on privity of contract, may sue in the state of the contract for a breach as to lands in another state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ⬤⟿7.]

2. PLEADING ⬤⟿8(11)—CONCLUSIONS—BREACH OF WARRANTY.
The complaint of a grantee, who sued for breach of warranty in a deed, alleging eviction of his subsequent grantee by title paramount, is insufficient, but he must specifically allege that the title through which he was evicted is superior to that warranted by the defendant; nor is it aided by a further allegation that the defendant failed to warrant and defend the title, such allegation being, aside from such statement, a mere conclusion of the pleader.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 23; Dec. Dig. ⬤⟿8(11).]

Appeal from Special Term, New York County.

Action by James P. J. Morris against Henry G. Hay. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Order reversed, and motion denied.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Kenneth B. Halstead, of New York City, for appellant.
Nelson Zabriskie, of New York City, for respondent.

SMITH, J. Defendant's demurrer has challenged the sufficiency of the complaint. In November, 1905, the defendant and his wife conveyed to one Denver Greenamyer certain real estate in the state of Colorado. In the deed the title to the said premises was warranted. Thereafter, and in 1907, the said Greenamyer conveyed the said premises, with covenant of warranty, to Edward F. Denny and D. M Utter. The complaint then proceeds:

"That the defendant and the said Mary A. Hay have not warranted and defended the whole of said premises to the said Denver Greenamyer and his assigns, but, on the contrary, as the plaintiff is informed and believes, one Asher B. Wilson, lawfully claiming the said premises last above described by a paramount title by virtue of a conveyance made to him by one Edwin C. Webster as trustee, afterwards duly commenced as plaintiff an action or proceeding in the district court of Washington county, state of Colorado, against the said Edward F. Denny and D. M. Utter as defendants, by service upon them, duly and personally made, of the summons and complaint, or other process and papers therein, or in which the said Edward F. Denny and D. M. Utter voluntarily and duly appeared, the said court being a court of competent jurisdiction and having jurisdiction thereof by the laws of the state of Colorado to hear and determine actions or proceedings relating to the title and possession of real property situated within the said state of Colorado and within the territorial jurisdiction of said court, as the premises in question were, which court also had jurisdiction of the persons of the parties thereto and of the said subject-matter thereof, and did on or about the 6th day of April, 1910, recover a judgment or decree which was duly given and

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rendered by said court against the said Edward F. Denny and D. M. Utter, and in favor of the said Asher B. Wilson, whereby it was decreed that the plaintiff, the said Asher B. Wilson, is the owner in fee simple absolute and in possession of the said premises last above described, which judgment or decree was on or about the 29th day of April, 1910, duly filed and recorded in the office of the clerk and recorder of the county of Washington, in the state of Colorado, within which said property is situated, and that said judgment or decree was thereafter, and on or about the 19th day of November, 1913, duly affirmed by the Court of Appeals of the state of Colorado, which is a court of competent appellate jurisdiction, and that on or about the 6th day of April, 1910, the said Asher B. Wilson lawfully entered the said premises last above named and ousted the said Edward F. Denny and D. M. Utter therefrom and still lawfully holds them out of the same."

The complaint then alleged that the said Greenamyer was compelled to make good his warranty to Denny and Utter in the sum of $1,019.40, and that plaintiff holds the claim of said Greenamyer against this defendant by an assignment duly made. The second cause of action is in all respects similar to the first, except as it refers to a different piece of land.

[1] This complaint is challenged upon two grounds:

First. That Greenamyer could not sue in this state for a breach of covenant of warranty on lands in another state, and to support this ground the case of Keyes & Marshall v. Trustees, 146 App. Div. 796, 131 N. Y. Supp. 527, affirmed 205 N. Y. 593, 98 N. E. 1105, is cited. In that case a subsequent grantee of the defendant of lands in another state, passing over his immediate grantor, was suing upon the covenant of warranty of the defendant, and basing his right upon the privity of estate, as the covenant ran with the land. It was there held that, where the right of action rests upon the privity of estate only, the action was local and could not be brought in a state other than the state in which the land was located. In the case at bar, however, the action is brought by the assignee of the immediate grantee of the defendant. The immediate grantee rests his claim upon privity of contract, not privity of estate, and no authorities are cited holding that, where the claim for a broken covenant rests upon privity of contract, the action cannot be brought in any state other than that in which the land is situated. I think that the learned Special Term properly decided, therefore, that the case cited was no authority for dismissing plaintiff's complaint.

[2] The second ground upon which the complaint is challenged is that the complaint is defective for lack of averment that the subsequent grantee was evicted by title paramount to that which the defendant warranted. The mere allegation that he was evicted by paramount title might be supported by proof of a paramount title given by the defendant's grantee, plaintiff's assignor, prior to the title given to the party evicted, which fact would impose no liability upon the defendant. The allegation that the defendant has not warranted and defended said premises to the said Greenamyer is not sufficient as an allegation of fact that the title paramount by which the party was evicted was one paramount to the title the defendant warranted. The allegation is purely a conclusion of law, and adds nothing to the bare allegation of fact that the subsequent grantee was evicted by a paramount title.

A mere reference to these allegations of the complaint would seem to be sufficient to show that a cause of action has not been alleged against the defendant. There is specific authority, however, for such a holding in Folliard v. Wallace, 2 Johns. 395, where Kent, C. J., speaks of the averment that the title under which the eviction occurred existed prior to that warranted by defendant as "an indispensable averment." In Webb v. Alexander, 7 Wend. 281, a similar complaint was held defective. At page 286 the opinion reads:

"The second count is also defective; it states, indeed, that April 27, 1823, Lawyer, lawfully claiming 47 acres, commenced an action, but it does not state that at the date of the conveyance, to wit, April 23d, Lawyer had any claim, and non constat but he derived title from the plaintiffs. * * * The plaintiffs should have averred that Lawyer, before or at the date of the covenant, had lawful title, and by virtue of that title entered and ousted the plaintiffs."

In Beddoe's Executor v. Wadsworth, 21 Wend. 120, a similar complaint was held to be defective; the court saying:

"This count is defective in not averring that the eviction was by a title paramount to that of the defendant" (citing cases).

See, also, Kelly v. Dutch Church, 2 Hill, 105; Crisfield v. Storr, 36 Md. 129, 11 Am. Rep. 480.

The order must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to the plaintiff to amend the complaint within 20 days after service of a copy of this order, with notice of entry thereof upon the attorney for the plaintiff, and on payment of the costs of the motion and the costs of this appeal. Order filed. All concur.