LAWYERS TITLE AND TRUST COMPANY, Respondent, *v.* SAMUEL L. HEWLETT, Appellant.

First Department, November 28, 1924.

Trial — change of place of trial — action brought in New York county to recover damages for breach of covenants of warranty and of peaceable and quiet possession and enjoyment contained in deed of real property located in Nassau county — prior action against grantee determined that part of land belonged to town — present action does not come within Civil Practice Act, § 183, subd. 9, requiring trial in county where subject of action is situated — defendant not entitled to change of place of trial under said subdivision — affidavits are insufficient to warrant change of place of trial on ground of convenience of witnesses.

The defendant is not entitled under subdivision 9 of section 183 of the Civil Practice Act, to have the place of trial changed from New York county to Nassau county in an action to recover damages for the breach of a covenant of warranty and of a covenant of quiet enjoyment and peaceable possession contained in a deed of real property situated in Nassau county, which was commenced after the termination of an action against the grantee in which it was determined that a part of the land belonged to the town.

The transaction is not one specified under subdivision 9 of section 183 of the Civil Practice Act to recover or procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real, but the question in this action is solely one of the amount of money damages recoverable by the plaintiff by reason of the partial failure of title which was established in the prior action between the grantee and the town.

The affidavits submitted on the motion to change the place of trial on the ground of convenience of witnesses are insufficient.

APPEAL by the defendant, Samuel L. Hewlett, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of May, 1924, denying the defendant's motion to change the place of trial from New York county to Nassau county.

*Merrill, Rogers, Gifford & Woody* [*Charles L. Woody* of counsel], for the appellant.

*Dean, King & Smith* [*George M. Welch* of counsel], for the respondent.

DOWLING, J.:

The complaint alleges that on the 11th day of February, 1903, the defendant and one Stephen R. Hewlett for a valuable consideration, to wit, $60,000, paid to them by Warner M. Leeds, duly made, executed and delivered to said Warner M. Leeds their

deed, whereby they conveyed in fee simple the property described in the deed, consisting of about 200 acres situated in Nassau county, N. Y.; and that in said deed the said Samuel L. Hewlett and Stephen R. Hewlett expressly covenanted that the said Warner M. Leeds, his heirs, successors and assigns shall and may at all times thereafter peaceably and quietly have, own, use, occupy, possess and enjoy the said premises and every part and parcel thereof, with the appurtenances, without any let, suit, trouble, molestation, eviction or disturbance of the said Samuel L. Hewlett and Stephen R. Hewlett, their heirs, successors or assigns, or any person or persons lawfully claiming or to claim the same, and the said Samuel L. Hewlett and Stephen R. Hewlett in and by said deed further expressly covenanted for themselves, their heirs and successors that they would warrant and forever defend the said premises so granted and every part and parcel thereof, with the appurtenances, unto the said Warner M. Leeds, his heirs, successors or assigns against the said Samuel L. Hewlett and Stephen R. Hewlett and their heirs or successors, and against all and every person and persons whosoever lawfully claiming or to claim the same.

That thereafter said Warner M. Leeds conveyed said property to Louise Hartshorne Leeds, who entered into possession of the same, and that on the 17th day of April, 1915, an action was commenced in the Supreme Court by the town of North Hempstead against the said Louise Hartshorne Leeds to recover a part of the premises described in the foregoing deed consisting of a pond covering about twenty acres.

That said Louise Hartshorne Leeds by her attorney gave notice in writing to the defendant Hewlett to defend said action; that said Louise Hartshorne Leeds interposed an answer in said action, denying the allegations of the complaint, and issue was joined, and upon the trial of said action the town of North Hempstead recovered the right to the possession and title of said portion of said premises described in said deed; and that a judgment was thereafter duly made and entered in said action against said Louise Hartshorne Leeds adjudging the said town of North Hempstead to be the owner in fee simple and entitled to the immediate possession of said portion of said premises.

That on appeal to the Appellate Division of the Supreme Court (180 App. Div. 905) the said judgment was modified by the provision that the said Louise Hartshorne Leeds had a prescriptive right to use the dam and its appliances for the purposes of the mill to the degree that it had been operated and to flood the lands described in the complaint and to draw the water therefrom for such purposes, but in all other respects the said judgment was

affirmed; and that thereafter said judgment as modified was affirmed in the Court of Appeals (224 N. Y. 638).

That said Louise Hartshorne Leeds was by virtue of said paramount title of said town of North Hempstead and said judgment establishing the same ousted from the possession of that part of the premises purported to be conveyed by said deed from Samuel L. Hewlett and Stephen R. Hewlett to Warner M. Leeds and that the covenant of peaceable and quiet possession contained in said deed has also been breached. The plaintiff sues for $32,500 damages claimed to have been sustained by reason of a breach of the covenant of warranty, and of such covenant of peaceable and quiet possession and enjoyment.

Appellant claims that he is entitled as a matter of right to have the place of trial changed to the county where the real estate referred to in the complaint is situated, and in support of his contention cites the provisions of subdivision 9 of section 183 of the Civil Practice Act, as follows: " Each of the following actions in the Supreme Court must be tried in the county in which the subject of the action or some part thereof is situated: * * * 9. Every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real." But this is not such an action as the section in question enumerates. The rights, title and interests in and to the real property in question were definitely and finally settled by the judgment in the action brought by the town of North Hempstead against Louise H. Leeds, plaintiff's assignor, and cannot again be litigated in this action. It having been determined that defendant could not convey good title to the land under water, but that it belonged to the town of North Hempstead, subject to the prescriptive right to maintain the dam then on the land, to flood the land with water and to drain it, the question is solely one of the amount of the money damages recoverable by plaintiff by reason of this partial failure of title. Obviously this calls for expert testimony as to the difference in value between a title in fee and the qualified title found to exist, so far as this mill pond site is concerned. This is not an action affecting the title to real estate, and it does not come within the class of cases set forth in the section of the Civil Practice Act above quoted.

The appellant relies upon the case of *Keyes & Marshall Bros. Realty Co.* v. *Trustees* (146 App. Div. 796; affd., 205 N. Y. 593). But that case held that " the action being by a remote grantee against the original covenantor upon a covenant of warranty, is maintainable only because that warranty runs with the land and the plaintiff's

right depends upon privity of estate; but that estate is situate in Missouri and the breach, to wit, the eviction by title paramount, is evidenced by the judgment obtained in the courts of the State of Missouri, and while the action is for damages, it accrues by reason of a transaction which could only occur in the State where the land is located."

That case is authority for the proposition that this action must be brought in the State of New York upon the facts set forth in the complaint herein, but it does not pass upon the question of the county of this State in which such an action is triable, which is to be determined by the Civil Practice Act.

In so far as appellant sought to secure a change of venue upon the ground of the convenience of witnesses, the affidavits submitted in the motion are obviously insufficient.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements to respondent.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.