window difficult to raise and lower. The accident took place while plaintiff was manipulating that sash. Upon a trial of the issues before the court and a jury a verdict was rendered in favor of plaintiff against defendant. From the judgment entered thereon defendant appeals. Judgment reversed on the law and facts, with costs, and complaint dismissed on the law, with costs. In our opinion plaintiff failed to establish a cause of action. The rights of the parties are to be declared in the light of the common law. Plaintiff was an invitee of the tenant of the apartment, who employed her to do housework, including the cleaning of the window in question. The allegedly defective repairs to the window were made during the rehabilitation of the apartment before the demise thereof to the tenant. Under the circumstances, there was no liability on the part of defendant to plaintiff. (*Jaffe* v. *Harteau*, 56 N. Y. 398, 401; *Franklin* v. *Brown*, 118 id. 110, 115; *Vousden* v. *United Cities Realty Corporation*, 194 App. Div. 26, 27; *Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404, 408; *Hirsch* v. *Radt*, 228 id. 100, 104; *Campbell* v. *Holding Co.*, 251 id. 446; *Kilmer* v. *White*, 254 id. 64, 68.) Lazansky, P. J,. Hagarty, Carswell, Taylor and Close, JJ., concur.

Marie Theresa Llaveria, Respondent, v. J. Alfred Pisani, Appellant, and Edwige Pisani, Defendant.— Action to recover for breach of covenants of seizin and warranty contained in a deed to real property situated without the State. Order denying appellant's motion to dismiss the complaint on the ground that the court has not jurisdiction of the subject-matter of the action, and that the complaint fails to state facts sufficient to constitute a cause of action against him, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve a new complaint within ten days from the entry of the order hereon, upon payment of all costs. The action is for damages, and is between the direct parties to the deed containing the covenants alleged to have been breached. It is, therefore, not an action by a remote grantee, and the allegation of a recent reconveyance to plaintiff may be treated as surplusage. In any event that fact does not alter the circumstance that the plaintiff may take advantage of the privity of contract with appellant. The court has jurisdiction of the subject-matter of the action. (Real Prop. Law, § 536; *Keyes & Marshall Bros. Realty Co.* v. *Trustees*, 146 App. Div. 796; affd., 205 N. Y. 593; *Morris* v. *Hay*, 172 App. Div. 145.) The complaint is insufficient in many respects. Some are (a) the failure to allege that the title by which plaintiff's grantee was evicted was one paramount to the title the appellant warranted; and (b) the failure adequately to allege damages. The mere allegation that plaintiff's grantee rescinded his transaction with plaintiff is insufficient to show that plaintiff has suffered damage, and the allegation in paragraph tenth that plaintiff made expenditures with reference to actions involving the premises is too vague to indicate that the expenditures were caused by appellant's act or default. Lazansky, P. J., Adel and Taylor, JJ., concur; Hagarty and Close, JJ., dissent and vote to affirm the order.

Moran Towing and Transportation Company, Respondent, v. John J. Fleming, Appellant. (Appeal No. 1.) — Order denying motion of appellant for an order modifying an execution affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

Moran Towing and Transportation Company, Respondent, v. John J. Fleming, Appellant. (Appeal No. 2.) — Order denying a motion made by the appellant to vacate an *ex parte* order amending an execution so as to include a