■ C. GRADY BROADDUS, Respondent, v. VANADIUM CORPORATION OF AMERICA, Appellant.— Order, entered on August 24, 1962, denying defendant's motion to dismiss the complaint for lack of jurisdiction, unanimously reversed, on the law, with $20 costs and disbursements to defendant-appellant, and the motion granted, with $10 costs. Plaintiff is not the grantee of the defendant and privity of contract does not otherwise appear. The action therefore is local and may not be brought in a State other than that in which the land is located, to wit, Ohio. (*Johnson* v. *Dunbar*, 114 N. Y. S. 2d 845, affd. 282 App. Div. 720, affd. 306 N. Y. 697; *Keyes & Marshall Bros. Realty Co.* v. *Trustees of Canton Christian Coll.*, 146 App. Div. 796, affd. 205 N. Y. 593; *Morris* v. *Hay*, 172 App. Div. 145.) Moreover, section 536 of the Real Property Law (now Real Property Actions and Proceedings Law, § 121), permitting an action to recover damages for injuries to out-of-State real property, requires possession by the injured party at the time the damages are sustained. (*Stark* v. *Howe Sound Co.*, 148 Misc. 686, 691, affd. 241 App. Div. 637.) Concur — Rabin, J. P., McNally, Eager, Steuer and Bergan, JJ.

■ HEADLEY-REED COMPANY, INC., Respondent-Appellant, v. BOLLING COMPANY, INC., Appellant-Respondent.— Order, entered on June 28, 1963, granting defendant's motion to the extent of staying the action commenced on June 3, 1963, unanimously modified on the law, on the facts and in the exercise of discretion, so as to deny the stay, and as so modified, the order is affirmed, with $20 costs and disbursements to plaintiff-respondent-appellant. This action was commenced to recover for commissions claimed to be due to the plaintiff. It was settled by stipulation. Thereafter, and on June 3, a second action was commenced by the plaintiff, claiming that moneys had become due to him subsequent to the settlement of the first action. It is the defendant's position that all claims by the plaintiff against the defendant were settled by the stipulation and that there is no basis, in the light of that stipulation, for the second action. In consequence, the defendant moved in this action for a stay of the second action, and further, for a direction that the plaintiff execute an unconditional stipulation discontinuing the second action. Special Term granted the stay but denied the requested direction. We conclude that the application for a stay should also have been denied. The better way to test the position of the defendant that all claims between it and the plaintiff had been settled by the stipulation entered into in this action, would be by asserting that position as a defense in the action sought to be stayed. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.

■ ANGELINA SALVITELLI et al., Respondents, v. CHARLES JANUSZ et al., Appellants.— Order, entered October 4, 1961, setting aside a jury verdict in favor of defendants and granting a new trial, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to appellants, and judgment directed thereon in favor of defendants. A jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence. (*Marton* v. *McCasland*, 16 A D 2d 781, 782, and cases cited therein.) The instant case involved a clear issue of credibility. There was ample evidence to sustain the jury finding that the pedestrian was looking elsewhere while proceeding easterly and walked into the left front fender of the vehicle making the turn. The verdict for defendants was conclusive and the Trial Judge was in error in setting it aside. Concur — Rabin, J. P., McNally, Eager, Steuer and Bergan, JJ.